467 F.2d 468
 In the Matter of DOUBLE D DREDGING COMPANY, Inc. as owner of
an unnamed 12 dredge, nondescript work boat, etc.
Sylvia Norton DEESE, Administratrix of the Estate of George
William Norton, Deceased, Plaintiff-Appellant,
v.
DOUBLE D DREDGING COMPANY, Inc., et al., Defendant-Appellee.
 No. 72-1300 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Sept. 5, 1972.
 
 L. Floyd Price, Bradenton, Fla., for plaintiff-appellant.
 Richard Ralph, Miami, Fla., for defendant-appellee.
 Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.
 JOHN R. BROWN, Chief Judge:
 
 
 1
 George William Norton drowned when he fell from a pontoon line while attempting to return from shore from an unnamed dredge owned by Appellee.[1] His administratrix brought an action under the Jones Act, 46 U.S.C.A. Sec. 688. The case was tried before a jury which found for the Defendant-Shipowner. Appellant complains that the issues of seaman status and navigability of the adjacent waters should not have been submitted to the jury because they were foreclosed against the Shipowner by its sworn pleading in Shipowner's limitation of liability procceeding, 46 U.S.C.A. Sec. 183 et seq., which was consolidated with the Jones Act suit. Agreeing with Appellant we reverse and remand for a new trial.
 
 
 2
 In its petition for limitation of liability Shipowner swore that the waters in question were the navigable waters of the United States and that decedent was a seaman-crew member within the meaning of the Jones Act. Plaintiff-Appellant quite understandably admitted these allegations in her claim in the limitation proceeding. The Trial Court on its own motion thereafter consolidated the limitation and Jones Act cases. The Court vacated the injunction that had been in effect against Plaintiff's suit, stating in its order that the limitation action would be tried to the Court after which there would be a jury trial in the Jones Act case. The Court denied limitation, but filed no findings of fact or conclusions of law.[2] The order of denial entered formally in the limitation proceeding was absolute and has long since become final.
 
 
 3
 During the ensuing trial of the Jones Act case Shipowner maintained that decedent was not a Jones Act seaman and that the vessel was not upon navigable waters. It appears from notes directed from the jury to the Trial Court during the jury's deliberation, that the navigability issue was pivotal[3] in the general verdict issued by the jury. We hold that as a matter of law Shipowner, as to the navigability issue, was estopped from again raising that issue. It is unimportant whether this is because of the prior specific pleadings[4] or the holding of navigability implicit in the Court's denial of limitations on the merits rather than on the absence of admiralty jurisdiction.
 
 
 4
 Our research discloses no case in this Circuit in which pleadings in identifiably separate actions were made the basis of such an estoppel. The consolidation order of the District Court, however, created what is in essence a single lawsuit divided into two stages, and we hold that when identity of parties and a single transaction encompass both actions a party making such an allegation is bound by it. The jurisdiction of the Federal Court with the successful request for the initial injunction against decedent's claims being tried except in the admiralty was bottomed of necessity on the fact that the dredge was on navigable waters. Indeed, this finding was implicit in the Judge's denial of limitation.
 
 
 5
 The Court's relaxation of the injunction at the claimant's request was likewise based upon the Shipowner's contention, which the Judge accepted, that the right to limit was solely for the admiralty. Without this, decedent's claims could have gone on in State as well as Federal Court. Shipowner, seeking the valuable protection of the Limitation of Liability Act, could not repudiate the basis on which the Court in the nowconsolidated proceeding was acting.
 
 
 6
 The issue of seaman status is not so clear since it was not jurisdictional to the limitation proceeding,[5] and it was not necessarily implied in the Court's denial of limitation. We conclude, however, that since most of the considerations leading to the result reached on the navigability issue apply here and the law of estoppel[6] would dictate this result had this originally been a single lawsuit, Shipowner is estopped from contradicting its limitation petition on the seaman status issue in a consolidated proceeding.[7]
 
 
 7
 The other claims of error require little comment. While Appellant correctly urges that a seaman does not assume the risk of an unseaworthy vessel,[8] the trial Judge's charge to the jury was sufficient even though it did not explicitly negative such a defense. Consideration of the other points is rendered unnecessary by the new trial which our disposition requires. The action is reversed and remanded for a new trial on the issues not disposed of by this opinion.
 
 
 8
 Reversed and remanded.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409
 
 
 [1]
 The facts in this case in some respects parallel those of Davis v. Parkhill-Goodloe Co., 5 Cir., 1962, 302 F.2d 489, 1962 A.M.C. 1720
 
 
 [2]
 In the Judge's comments from the bench at the conclusion of the limitation hearing he came dangerously close to ruling that the shipowner was guilty of negligence and the vessel was unseaworthy which, if intended as a finding, would have been res judicata or collateral estoppel in the jury case. See, Guillot v. Cenac Towing Co., 5 Cir., 1966, 366 F.2d 898, 909, 1966 A.M.C. 2685, 2700; Pershing Auto Rentals Inc. v. Gaffney, 5 Cir., 1960, 279 F.2d 546, 552, 1960 A.M.C. 1287, 1295. Probably he meant that the Shipowner as Petitioner had failed to sustain its burden of proving seaworthiness and absence of negligence, the latter undoubtedly embracing the critical question of privity and knowledge
 
 
 [3]
 What was in fact the course of the jury's deliberation under the general charge will remain an enigma wrapped in a mystery. If we knew we might be able to render judgment for one of these litigants. This case proves again the value of the general charge with special interrogatories under F.R.Civ.P. 49(a). For example, if the jury had answered special interrogatories except navigability and seaman status in appellant's favor we could render judgment for appellant since we would disregard those unfavorable answers as a matter of law. See Brown, Federal Special Verdicts: The Doubt Eliminator, 1968, 44 F.R.D. 338; United States Lines Co. v. Williams, 5 Cir., 1966, 365 F.2d 332, 1966 A.M.C. 2418
 
 
 [4]
 See, Sinclair Refining Co. v. Tompkins, 5 Cir., 1941, 117 F.2d 596; Niagara Fire Insurance Co. v. Bryan and Hewgley Inc., 6 Cir., 1952, 195 F.2d 154. These cases hold that if the pleading containing the damaging allegation is withdrawn or superceded by amendment it is available to the opposition as a party admission
 
 
 [5]
 Limitation extends to non-maritime claims as well as to maritime claims, Just v. Chambers, 1941, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903, 1941 A.M.C. 430
 
 
 [6]
 See, cases cited footnote 2, supra
 
 
 [7]
 Contrary to Shipowner's sometime suggestion the pretrial order did not resolve the problem. Shipowner's detailed proffered stipulation, bearing the caption of the consolidated case, expressly reflects that the parties disagreed on whether navigability and seaman status were to be issues at the trial. R. Vol. iii, at 343, 344. Plaintiff's proffered stipulation, likewise bearing the consolidated caption, did not mention the parties respective positions on these issues. R. Vol. iii, at 350. The parties apparently never agreed on a pretrial stipulation and the Court's pretrial order, R. Vol. iii, at 387, never formalized the pretrial order and cannot be treated as having disposed of this question. The result was that the Judge left each party free to make the contentions pro and con
 
 
 [8]
 Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, 1946 A.M.C. 698