Roy Lewis C. WILLIAMS,
Plaintiff-Appellant,

v.

BRASEA, INC., et al.,
Defendants-Appellees.

No. 76–3470.

United States Court of Appeals,
Fifth Circuit.

March 30, 1977.

William R. Edwards, J. Robert McKissick, Derryl L. Collins, Corpus Christi, Tex., for plaintiff-appellant.

Jack G. Carinhas, Jr., Brownsville, Tex., for Brasea.

Before MORGAN and FAY, Circuit Judges, and HUNTER, District Judge.*

FAY, Circuit Judge:

Roy Lewis C. Williams was working as a seaman aboard the shrimp trawler Ciapesc I when seriously injured on December 10, 1969. Suit was brought against numerous defendants upon multiple theories. The district court in a bench trial found for Williams upon several theories against three of the defendants and assessed total damages at $527,500. This was reduced by 40% contributory negligence attributed to Williams. All parties appealed and a panel of this court held two of the defendants were not liable as a matter of law.[1] In attempting to resolve the disputed issues between Williams and appellee here,[2] the district judge was requested to make a specific finding on whether or not a fellow crewman (Terry) was acting pursuant to Williams' order in starting the winch. On remand the question was answered in the negative.[3] Although this court clearly instructed the trial judge concerning the effect of such a finding and that under such circumstances Williams' negligence[4] was not a contributing cause of his injury,[5] these directions were not followed. The trial judge again reduced Williams' damages by 40%. We reverse.

This court's earlier opinion clearly established the law of the case. Since the trial judge found Williams gave no instructions to Terry regarding starting the winch, Williams should have been awarded his full damages. We remand for entry of a final judgment in favor of Williams against Brasea, Inc. in the full amount of $527,500.

Reversed with directions.

---

* Senior District Judge for the Western District of Louisiana, sitting by designation.

1. *Williams v. Brasea, Inc.,* 497 F.2d 67 (5th Cir. 1974), *pet. reh. denied,* 513 F.2d 301 (5th Cir. 1975), *cert. denied,* 423 U.S. 906, 96 S.Ct. 207, 46 L.Ed.2d 136 (1975).

2. ˙ Brasea, Inc. was the owner of the vessel and employer of the crew.

3. After a thoughtful analysis of the testimony the trial judge concluded that Williams had not, in fact, given Terry an instruction to start the winch. The judge found that while Williams was untangling the line with his hands Terry "put it in gear" without looking at Williams, not realizing Williams was using his hands in trying to pull out the tangle in the line.

4. The trial judge had found that Williams was negligent in putting himself in a place of danger which contributed to his injury.

5. *Williams v. Brasea, Inc.,* 497 F.2d 67, 74 (5th Cir. 1974).