**In re BRASEA, INC., Petitioning for Exoneration from or limitation of liability.**

**Petition of Roy Lewis C. WILLIAMS.**

No. 78–1516
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Olney G. Wallis, Craig A. Washington, Houston, Tex., for petitioner.

Jack G. Carinhas, Jr., P. T. Moore, Jr., Brownsville, Tex., for Brasea, Inc.

Before THORNBERRY, GEE and FAY, Circuit Judges.

PER CURIAM:

We are once again visited with an appeal concerning the rights and liabilities of the parties to this unfortunate mishap. The claimant Williams was the master of the shrimp trawler Ciapesc I on December 10, 1969. He was seriously injured at sea when a winch was activated while his hands were entangled in the line. Suit was instituted against various parties, and, after a bench trial, damages in the amount of $527,500 were assessed against three defendants. The award was reduced by 40% due to contributory negligence attributed to the plaintiff Williams. All parties appealed and this Court determined that two parties were not liable as a matter of law,[1] and that remand for an additional factual finding was necessary to resolve the negligence issue. On remand, the trial court made the requisite factual determination, but incorrectly reduced the judgment to the extent of the contributory negligence attributed to Williams.[2] On appeal, we remanded for entry of a final judgment in favor of Williams against Brasea, Inc., the owner of the vessel and the employer of the crew, in the full amount of $527,500.[3] The final judgment was entered forthwith and no appeal was filed.

1. We held that under the facts of this case the defendants Bender Welding & Machine Co., Inc., and *Construction Machinery Company* could not be found liable under a products liability theory for the supply of equipment alleged to be defective. We also affirmed the ruling of the district court that these two defendants were not negligent. *Williams v. Brasea, Inc.,* 497 F.2d 67 (5th Cir. 1974), *opinion amended,* 513 F.2d 301 (5th Cir. 1975), *cert. denied,* 423 U.S. 906, 96 S.Ct. 207, 46 L.Ed.2d 136 (1975).

2. We instructed the trial court to determine whether crewman Terry acted pursuant to instructions from Williams in starting the winch, and directed that if this question was answered in the negative, the negligence of Terry would constitute the sole proximate cause of the plaintiff's injuries. 497 F.2d at 74.

3. *Williams v. Brasea, Inc.,* 549 F.2d 977 (5th Cir. 1977).

Brasea, Inc., then pursued this action for limitation of liability pursuant to 46 U.S.C. § 183. The district court[4] granted limitation of liability on Brasea's motion for summary judgment. This appeal followed.

The memorandum order granting summary judgment reveals the conclusion of the district court that summary judgment was proper because "all the issues necessary to the determination of the limitation question in this cause were finally adjudicated in the Corpus Christi case." App. 99.[5] We cannot agree. In ascertaining whether a shipowner is entitled to limitation, the Court must first determine which act or acts of negligence or conditions of unseaworthiness caused the injury. The Court then determines whether the shipowner had knowledge or privity of these specific acts or conditions. *Farrell Lines, Inc. v. Jones,* 530 F.2d 7 (5th Cir. 1976). It is equally as well settled that in the limitation proceeding below the initial burden of proving negligence or unseaworthiness rested with the injured seaman. *Id.* at 10. The injured seaman sought to meet this burden in two distinct ways. First, the seaman requested that the court take judicial notice of the proceedings before Judge Cox and the findings of fact and conclusions of law resulting therefrom. App. 94. The negligence of crewman Terry was established in those proceedings. Second, the seaman sought to establish that the vessel was rendered unseaworthy by the alleged failure of Brasea, the owner, to provide a competent crew. See, *Empire Seafoods, Inc. v. Anderson,* 398 F.2d 204 (5th Cir. 1968).

We conclude that the trial court improperly granted summary judgment without first considering whatever testimony or evidence the injured seaman may have on the issue of the competency of crewman Terry. The doctrine of collateral estoppel or issue preclusion does not operate as a roadblock under the facts of this case.[6] The proceedings before Judge Cox only established that Terry was negligent and that equipment aboard the vessel did not render it unseaworthy. Of course, these issues may not be relitigated in the limitation proceeding. However, the issue of whether crewman Terry was incompetent at the time the vessel departed was not actually litigated in the prior proceedings. We therefore conclude that at this stage of the limitation proceedings there is a genuine issue of material fact which precludes the granting of summary judgment. Because this case must be remanded in any event, we deem it judicially efficient to direct the district court to likewise hear and consider such testimony and evidence which the injured seaman may wish to present on the issue of knowledge and privity.[7] The court must consider this issue as to the negligence of Terry, and, additionally, will necessarily be required to consider this issue as to the failure of the owner to provide a competent crew in the event that Terry is found to have been incompetent at the time the vessel departed. We express no opinion as to the merits of the contentions of the injured seaman but note that the prior finding that Terry was negligent on the occasion in question does not establish as a matter of law that he was an incompetent seaman.

4. The liability and damages issues were heard by the Honorable Owen Cox, Corpus Christi Division, whereas the limitation proceeding was held before the Honorable Reynaldo Garza, Brownsville Division.

5. The court further concluded that because "the sole proximate cause of Williams' injuries were the negligent acts of crewman Terry in operating the winch, it then follows that there is no basis upon which to charge petitioner Brasea, Inc., with any privity or knowledge with regard to Williams' accident or injuries." App. 99–100.

6. *See, Kaspar Wire Works, Inc. v. Leco Engineering and Machine, Inc.,* 575 F.2d 530 (5th Cir. 1978) for a thorough discussion of res judicata or "claim preclusion", and collateral estoppel or "issue preclusion."

7. The burden of proof on the knowledge or privity issue, however, rests with the petitioner in limitation, *Brasea, Inc. Farrell Lines, Inc. v. Jones,* 530 F.2d 7, 10 (5th Cir. 1976).

This is because a competent seaman can on occasion engage in negligent conduct.

REVERSED AND REMANDED.