**In the Matter of COOPER/T. SMITH STEVEDORING CO., INC., as Owner and Operator of the D/B ASHLEIGH C, Official No. 260966, Praying for Exoneration From or Limitation of Liability.**

**Civ. A. No. 89–2763.**

United States District Court,
E.D. Louisiana.

April 3, 1990.

John Francis Young, Jr., Alan Guy Brackett, Hebert, Mouledoux & Bland, New Orleans, La., for plaintiff in limitation.

Lawrence D. Wiedemann, W. Lloyd Bowers, John Denenea, Jr., Wiedemann & Fransen, New Orleans, La., for claimant.

## MEMORANDUM AND ORDER

SEAR, District Judge.

Claimant, David Thompson, filed a Jones Act claim in state court against Petitioner, Cooper/T. Smith Stevedoring Co. In this state court action, Thompson alleges that he sustained personal injuries while handling a mooring line from the Rig BUSSCO I to an oceangoing vessel. Thereafter, Cooper/T. Smith filed this petition for exoneration from or limitation of liability in federal court under 46 U.S.C.App. §§ 181–188. The sole claimant in this federal limitation proceeding is David Thompson.

David Thompson worked as a crane operator for defendant Cooper/T. Smith and was permanently assigned to the D/B ASHLEIGH. Thompson's job responsibilities consisted primarily of removing and replacing barge covers in order to offload cargo from the barges onto oceangoing vessels. Cooper/T. Smith moves for summary judgment on Thompson's Jones Act seaman status claiming that he is a stevedore rather than a Jones Act seaman. Pe-

titioner Cooper/T. Smith does not address the propriety of raising the issue of Jones Act status in a limitation proceeding.

Thompson opposes the summary judgment motion. First, he argues that the motion on seaman status is inappropriate in a limitation proceeding as it goes beyond the limitation issues. Thompson further argues that allowing a limitation of liability petitioner to litigate the factual issue of seaman status in a limitation proceeding effectively allows it to remove a nonremovable Jones Act claim from state court.[1] Next, Thompson argues that even if this motion were proper, he is a Jones Act seaman because his job responsibilities include maintaining the vessel, fixing lines, and changing cables.

■ This motion presents the recurring conflict between the exclusive federal jurisdiction vested by the Limitation of Liability Act, 46 U.S.C.App. §§ 181–188, and the presumption in favor of jury trials and common law remedies embodied in the saving to suitors clause, 28 U.S.C. § 1333. Historically, the Limitation of Liability Act attempted to encourage the development of American merchant shipping; therefore, it is directed at misfortunes at sea where the losses incurred exceed the value of the vessel and the pending freight. *See Lake Tankers Corp. v. Henn*, 354 U.S. 147, 150–51, 77 S.Ct. 1269, 1271, 1 L.Ed.2d 1246 (1957).[2] When a shipowner faces potential liability in excess of the value of the vessel and the pending freight, he may invoke the protection of the Limitation of Liability Act and request the federal district court to restrain or enjoin all other proceedings against the shipowner arising out of the same incident.

A limitation proceeding is essentially governed by 46 U.S.C.App. § 183(a), which provides:

> The liability of the owner of any vessel ... for any act, matter or thing, ... done, occasioned, or incurred, without the privity or knowledge of such owner, shall not ... exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

The claimant bears the initial burden of proving negligence.[3] Once negligence is established, the shipowner must prove that the negligence did not cause the injury or the negligence was not within the shipowner's privity or knowledge.[4]

The standard limitation of liability situation involves multiple claims where the fund is insufficient to satisfy all claims. G. Gilmore & C. Black, *The Law of Admiralty* § 10–16, at 862 (2d ed. 1975). Once a shipowner invokes the protections afforded by the Limitation of Liability Act,

> the district court, sitting in admiralty without a jury, determines "whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner, and if limitation is granted, how the [limitation] fund should be distributed." It is only in this way that the admiralty court can achieve the primary purpose of the Act— "to provide a marshalling of assets [and] the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full."

> In exercising this equitable power, of course, the admiralty court must necessarily deny the claimants their right to pursue common law claims before a jury.... Such a result is in direct conflict with the promise of 28 U.S.C. § 1333 that the exercise of admiralty jurisdiction will not deny suitors their right to common law remedies. *See generally* G. Gilmore & C. Black, *The Law of Admiralty* § 10–16, at 862 (2d ed. 1975).

*In the Matter of The Complaint of Dammers and Vanderheide and Scheepvaart*

---

1. *See Johnson v. ODECO Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir.1989) (Jones Act cases are generally not removable).

2. *See also Vatican Shrimp Co. v. Solis*, 820 F.2d 674, 677 (5th Cir.), *cert. denied*, 484 U.S. 953, 108 S.Ct. 345, 98 L.Ed.2d 371 (1987).

3. *See Matter of Texaco, Inc.*, 570 F.Supp. 1272, 1278 (E.D.La.1983).

4. *Allseas Maritime, S.A. v. M/V MIMOSA*, 812 F.2d 243, 246 (5th Cir.1987) (Rubin, J.); *see also In re Brasea, Inc.*, 583 F.2d 736, 738 (5th Cir. 1978); *Texaco*, 570 F.Supp. at 1278.

*Maats Christina B.V., Petitioners, as Owners of the M/V CHRISTINA for Exoneration from or Limitation of Liability,* 836 F.2d 750, 755 (2nd Cir.1988) (citations omitted).

However, where the factors that justify a limitation proceeding are absent, a claimant is ordinarily permitted to pursue his common-law remedies outside of the limitation proceeding. As stated by Gilmore and Black:

> When either of the components in the standard situation is lacking—that is, when there is only one claim *or* when the aggregate of all claims will not exhaust the available fund—the district court with which a petition for limitation of liability is filed will not enjoin the prosecution of claims in other courts, although in most situations it will retain jurisdiction of the case for the purpose of deciding the limitation issue, if, as and when such a decision becomes necessary. In this way the courts have sought, within the framework of the Limitation Act, to give effect to the policy of the savings to suitors clause.

G. Gilmore & C. Black, *supra* § 10–18, at 864. Thus, courts have identified two sets of circumstances in which the exclusive jurisdiction of the admiralty court must give way.[5] The first exception, which is not implicated here, involves multiple claims in which the aggregate claims do not exceed the limitation fund.[6] The second exception, which is relevant in this case, arises when a single claimant brings an action seeking an amount in excess of the limitation fund, but concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability.[7]

When multiple claimants file claims that do not exceed a limited fund or when only a single claimant files suit, the justification for a limitation proceeding is absent.[8] As the Fifth Circuit has recognized,

> The reason for enjoining state court suits [under the Limitation of Liability Act] is to distribute effectively a limited fund in a single proceeding, not to "transform the [Limitations] Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights...."

*Fecht v. Makowski,* 406 F.2d 721, 723 (5th Cir.1969) (citing *Lake Tankers Corp. v. Henn,* 354 U.S. 147, 152, 77 S.Ct. 1269, 1272, 1 L.Ed.2d 1246 (1957)).[9]

To honor the claimant's common-law right also facilitates the most expeditious handling of the matter. In a limitation proceeding, I determine the right to limit, that is, whether there was negligence, and if so, whether the shipowner had privity or knowledge of the negligence, and the amount of the limited fund. Therefore, if the plaintiff loses on liability in the state court, or the damages awarded do not exceed the limited fund, then the federal limitation proceeding need not proceed.

▪ Cooper/T. Smith seeks partial summary judgment on Thompson's status as a Jones Act seaman. "The issue of seaman status is ... not jurisdictional to the limita-

---

5. *See, e.g., In the Matter of The Complaint of Dammers and Vanderheide and Scheepvaart Maats Christina B.V., Petitioners, as Owners of the M/V CHRISTINA for Exoneration from or Limitation of Liability,* 836 F.2d 750 (2nd Cir. 1988); *In re MISTER WAYNE and Basin Marine, Inc., as her owner, praying for Exoneration from and/or Limitation of Liability,* 729 F.Supp. 1124 (E.D.La.1989).

6. *See Lake Tankers Corp. v. Henn,* 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957); *S & E Shipping Corp. v. Chesapeake & Ohio Ry.,* 678 F.2d 636, 643 (6th Cir.1982).

7. *See Langnes v. Green,* 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931); *In the Matter of The Complaint of Dammers and Vanderheide and Scheepvaart Maats Christina B.V., Petitioners, as Owners of the M/V CHRISTINA for Exoneration from or Limitation of Liability,* 836 F.2d 750, 755 (2nd Cir.1988); *In re MISTER WAYNE and Basin Marine, Inc., as her owner, praying for Exoneration from and/or Limitation of Liability,* 729 F.Supp. 1124 (E.D.La.1989).

8. *See In re MISTER WAYNE,* 729 F.Supp. 1124, 1128–29 (E.D.La.1989) (§ 185 stay lifted upon claimant's stipulation of federal court's exclusive jurisdiction over limitation issues and waiver of a res judicata defense in limitation proceeding).

9. In *Fecht,* the court denied limitation because the owners had "privity or knowledge."

tion proceeding." [10]   In fact, Jones Act seaman are not the only persons entitled to file claims in limitation proceedings.[11] Therefore, whether Thompson is a Jones Act seaman is irrelevant to this limitation proceeding.[12]

Accordingly,

IT IS ORDERED that Cooper/T. Smith's motion for partial summary judgment on claimant's Jones Act seaman status is DENIED.

10.   *In re Double D Dredging Co.*, 467 F.2d 468, 470 (5th Cir.1972) (citing *Just v. Chambers*, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903 (1941) (limitation extends to non-maritime claims as well as to maritime claims)).

11.   *See, e.g., Lloyd's Leasing, Ltd. v. Conoco*, 868 F.2d 1447, 1448 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 405, 107 L.Ed.2d 371 (1989).

12.   *Cf. Tidewater Marine Towing v. Curran–Houston, Inc.*, 785 F.2d 1317 (5th Cir.1986) (determined issue of common-law wife's status to sue for wrongful death of her common-law husband).