**In the Matter of the COMPLAINT OF DANOS & CUROLE MARINE CON-TRACTORS, INC., as charter/owner pro hac vice of an 18 foot long aluminum vessel bearing registration number LA 1739 EJ, in a Cause for Exoneration From or Limitation of Liability**

Nos. CIV.A.02–2969, CIV.A.02–3189.

United States District Court,
E.D. Louisiana.

July 18, 2003.

Randolph J. Waits, Matthew F. Popp, Emmett, Cobb, Waits & Kessenich, New Orleans, LA, for Stone Energy Corporation, as owners of an 18 foot long alumi-

num vessel bearing registration number LA 1739 EJ, in a cause for exoneration from or limitation of liability, petitioner.

Bertrand M. Cass, Jr., William K. Terrill, II, Deutsch, Kerrigan & Stiles, L.L.P., for Danos & Curole Marine Contractors, Inc.

Timothy John Falcon, Falcon Law Firm, Marrero, LA, for Penny Robin, individually and on behalf of the estate of Ryan Robin & the estate of the minor children of the marriage, Brittany Robin, Ashlyn Robin and Ryan Robin, Jr., Floyd Robin, Beatrice Robin, claimants.

Gerald J. Arceneaux, Marrero, LA, for Paige Robin, on behalf of the minor, Justin Bankston, Troy Vercher, major son of the decedent, Ryan Robin, claimants.

## ORDER

PORTEOUS, District Judge.

Before the Court is a Motion in Limine to Exclude the Coast Guard Investigation, filed by Claimants in the above-captioned matter. This motion was set for hearing on July 2, 2003, and is to come before this Court for non-jury trial on August 25, 2003. Having considered the law, the memoranda of the parties, and the applicable jurisprudence, this Court is now ready to rule.

## I. BACKGROUND AND PROCEDURE

This case arises from an allision between a Carolina Skiff and the M/V RITA II in Barataria Bay on or about September 19, 2002 at approximately 0540. Later that same day, at approximately 1100, United States Coast Guard Chief Warrant Officer Jo Wildman, accompanied by Officer Chris Hogan of the United States Coast Guard 8th District Office, performed a Maritime Casualty Investigation pursuant to 46 U.S.C. § 6301, et. seq. The investigation involved an inspection of the Carolina Skiff

and its running light wiring. A report entitled "Report of Investigation Into Circumstances Surrounding the Incident Involving RITA II Collision on 09/19/2002" was subsequently issued.

## II. ARGUMENTS OF THE PARTIES

Claimant asks that the report and photographs be excluded from trial pursuant to 46 U.S.C. § 6308. Respondents pray that while the written report shall be excluded under federal statutes, the resulting photographs should not be excluded as they are not covered under 46 U.S.C. § 6308. Additionally, respondents pray that the written report of the U.S. Coast Guard be admissible for impeachment purposes. In the alternative, the respondents ask that the Court defer a ruling on the uses of the report for impeachment purposes until a later date.

## III. LAW AND ANALYSIS

On September 19, 2002, Chief Warrant Officer Wildman conducted an investigation into an allision on Barataria Bay pursuant to 46 U.S.C. § 6301, et. seq. The product of this investigation was a written report issued by Officer Wildman. Plaintiff now seek a motion in limine in regards to the report and the subsequent deposition of Officer Wildman. 46 U.S.C. § 6308(a) states,

> Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, *shall be admissible as evidence or subject to discovery in any civil or administrative proceedings*, other than an administrative proceeding initiated by the United States. Any employee of the Department of Transportation, and any member of the Coast Guard, investigating a

marine casualty pursuant to section 6301 of this title, *shall not be subject to deposition or other discovery, or otherwise testify in such proceedings relevant to a marine casualty investigation, without the permission of the Secretary of Transportation.* The Secretary shall not withhold permission for such employee or member to testify, either orally or upon written questions, on solely factual matters at a time and place and in a manner acceptable to the Secretary *if the information is not available elsewhere or is not obtainable by other means.* [emphasis ours]

Subsequent to the investigation by Officer Wildman, the running light wiring was stripped from the vessel, and different wiring was substituted, materially altering the condition and appearance of the wiring which was the subject of the Coast Guard Report. The original wiring was not recovered, and the alteration of the wiring took place prior to inspection by any other parties. As such, Officer Wildman is the only person able to provide information as to the condition of various aspects of the condition of the vessels.

The Court will now examine four areas involved with the investigation report:

1. **Written Report of Officer Wildman**

█ The statute is strict in its limitations regarding the written report. The written report will not be admissible at trial. *Eckstein Marine Service, Inc., v. The Crescent Marine Towing, Inc.,* 1999 WL 58264 (E.D.La.1999)(Duval, J.); *Conagra Inc., v. Weber Marine, Inc.,* 1999 WL 705546, *2 (E.D.La.1999).

2. **Photographs of the vessels**

█ It is this Court's finding that the photographs do not provide findings of fact, opinions, recommendations, deliberations, nor conclusions, in stead, they merely illustrate the condition of the objects depicted in the photos as they existed on September 19, 2002 *at the time that the pictures were taken.* See also, 6 C.F.R. § 5.49. While the Court agrees with the assertions of the Claimant that the list provided in 46 U.S.C. § 6308(a) is illustrative and not exclusive, the Court does not believe that the photographs are the type of conclusory items which the statute seeks to exclude. This Court declines to provide an expansive reading of 46 U.S.C. § 6308(a). Accordingly, the photographs shall be admissible, and all inferences drawn therefrom are to be left to the trier of fact.

3. **Deposition Testimony of Officer Wildman**

█ Under the statute, Officers may not testify or give deposition evidence without permission from the Secretary of the Navy. *See also,* 6 C.F.R. § 5.48(a)(1)-(3); *Conagra Inc., v. Weber Marine, Inc.,* 1999 WL 705546, *2 (E.D.La.1999). On May 30, 2003, Lieutenant Commander Shannon Gilreath notified counsel for Danos & Curole that the circumstances of the case warranted a deposition of Officer Wildman, who was subsequently deposed as to her personal observations of the navigation light wiring.[1] Interpretation of the language of the statute yields the reasoning that the Coast Guard Commander felt that there was no alternative source for material information other than from Officer Wildman; hence, Commander Gilreath permitted Officer Wildman's deposition. In civil litigation, Coast Guard employees may testify "as to personal known facts, not reasonably available from other sources, observed by the employee or uncovered during the employee's investiga-

1. Danos & Curole's Opposition to Motion in Limine, p. 3, exhibit 3.

tion...or observed by the employee even if he or she did not investigate the accident." 49 C.F.R. § 9.9(b)(1). This Court finds that the limitations imposed by the Coast Guard on Officer Wildman were sufficient and her deposition testimony is admissible at trial.

### 4. Use of the Written Report for Impeachment Purposes

In accord with other courts in this jurisdiction, this Court defers ruling on the use of the written report for impeachment purposes. F.R.E. 608; *Eckstein Marine Service, Inc., v. The Crescent Marine Towing, Inc.*, 1999 WL 58264 (E.D.La.1999)(Duval, J.); *In Re TT Boat*, 1999 WL 169458 (E.D.La.1999)(Duval, J.). The factual allegations surrounding the condition of the wiring and subsequent removal move the Court to hold a ruling on the use of the report for impeachment until a later date.

Accordingly,

**IT IS ORDERED** that the Motion in Limine is **GRANTED IN PART** as to the written report of the Coast Guard Investigation;

**IT IS FURTHER ORDERED** that the Motion in Limine is **DENIED IN PART** as to the use of written report of the Coast Guard Investigation for purposes of impeachment; however, the Court will defer such a ruling on the use of the report for impeachment until a later time;

**IT IS FURTHER ORDERED** that the Motion in Limine is **DENIED IN PART** as to the deposition testimony of Chief Warrant Officer Jo Wildman;

**IT IS FURTHER ORDERED** that the Motion in Limine is **DENIED IN PART** as to the photographs taken by Coast Guard Investigators.