339 F.3d 1137
 In re BOWFIN M/V
Western Pioneer, Inc., as owner of the M/V Bowfin for limitation of liability, Petitioner-Appellee,
v.
International Specialty, Inc., as authorized agents for Sentry Select Insurance Company and Lloyds of London Syndicates 588,861,1209, Royal and Sun Alliance Insurance Company, Continental Insurance Company, and Greenwich Insurance Company; Royal and Sun Alliance Insurance Co.; Continental Insurance Company; Greenwich Insurance Co., Claimants-Appellants,
and
Signature Seafoods, Inc., owner of the Lucky Buck, Claimant.
 No. 02-35534.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 2003.
 Filed August 13, 2003.
 
 Stanley L. Gibson, Gibson Robb & Lindh, San Francisco, CA, for claimant-appellant Signature Seafoods, Inc.
 Matthew Turetsky, Schwabe, Williamson & Wyatt, Seattle, WA, for claimant-appellant International Specialty, Inc.
 Donald K. McLean, Bauer Moynihan & Johnson, Seattle, WA, for the petitioner-appellee.
 Appeal from the United States District Court for the Western District of Washington; John C. Coughenour, District Judge, Presiding. D.C. No. CV-00-01842-JCC.
 Before: REAVLEY,* TASHIMA, and PAEZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 This admiralty action arises out of the collision in the Puget Sound between the Bowfin, owned by Western Pioneer, and the barge Lucky Buck, owned by Claimant Signature Seafoods. Western Pioneer initiated this Limitation of Liability Act[1] proceeding following the collision. The district court held that Western Pioneer was entitled to limit its liability under the Act. We affirm.
 
 
 2
 The Limitation of Liability Act limits shipowner liability arising from the unseaworthiness of the shipowner's vessel or the negligence of the vessel's crew unless the condition of unseaworthiness or the act of negligence was within the shipowner's "privity or knowledge."[2] The shipowner has the burden of proving that the act or condition was outside its privity or knowledge after the claimant first establishes what act or condition caused the loss.[3] In this case, the district court found that the sole proximate cause of the collision was "spontaneous negligent navigational errors" of the master of the tug and not the master's fatigue (for which the Claimants urged Western Pioneer was responsible). That finding is not clearly erroneous.[4]
 
 
 3
 We reject the Claimants' contention that, by admitting that its master was at fault, Western Pioneer assumed the burden of negating its privity or knowledge of other acts by its master. The claimant retains the burden of proving what act caused the loss even if the shipowner concedes that its crew was negligent.[5] The district court's finding resolved the limitation issues.
 
 
 4
 AFFIRMED.
 
 
 
 Notes:
 
 
 *
 The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 46 U.S.C. app. §§ 181-196 (Supp.2003)
 
 
 [2]
 Id. § 183(a).
 
 
 [3]
 See Carr v. PMS Fishing Corp., 191 F.3d 1, 4 (1st Cir.1999); Hercules Carriers, Inc. v. Florida, 768 F.2d 1558, 1563 (11th Cir.1985); In re Brasea, Inc., 583 F.2d 736, 738 (5th Cir. 1978).
 
 
 [4]
 See Churchill v. F/V Fjord, 892 F.2d 763, 770 (9th Cir.1988).
 
 
 [5]
 See Carr, 191 F.3d at 4.