**WASHINGTON STATE DEPART-MENT OF TRANSPORATION,**
Plaintiff—Appellant,

v.

**SEA COAST TOWING INC., a Washington corporation d/b/a Sea Coast Towing of Seattle; Myron B. Kjos, Esq.; Jane Doe Kjos, individually and as husband and wife, Defendants—Appellees.**

No. 04–35469.

D.C. No. CV–03–00166–TSZ.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Aug. 3, 2005.

Decided Sept. 6, 2005.

Steve Dietrich, Millard Joseph Sloan, Jr., Attorney Generals Office Transportation and Public Construction, Olympia, WA, for Plaintiff—Appellant.

James P. Moynihan, Thomas G. Waller, Jay Edward Bitseff, Bauer, Moynihan & Johnson, Seattle, WA, for Defendants—Appellees.

Before THOMPSON, T.G. NELSON, and WARDLAW, Circuit Judges.

## MEMORANDUM *

In this admiralty case, Plaintiff–Appellant Washington State Department of Transportation appeals the district court's judgment, following a bench trial, limiting the liability of Defendant–Appellee Sea Coast Towing, Inc. to $105,000, the value of its tugboat CHINOOK. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's legal conclusions de novo, *see Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir.2004), and we reverse.

The question we must decide is whether the district court erred in its application of the burden-shifting framework required under the Limitation of Liability Act, 46 U.S.C. app. § 183 (1952 & Supp.2005). The Limitation of Liability Act permits a vessel owner to limit its liability for any loss, damage, or injury caused by the vessel to the "amount or value of the interest of such owner in such vessel, and her freight then pending." *Id.* § 183(a).

When a vessel owner asserts its claim to limited liability under the Act, a burden-shifting framework is employed to evaluate the shipowner's eligibility for limited liability. First, the party seeking to recover damages must demonstrate the shipowner's liability for its loss, either by showing the unseaworthiness of the vessel or the negligence of the vessel's crew. *See In re BOWFIN M/V*, 339 F.3d 1137, 1138 (9th Cir.2003) (per curiam); *In re Hechinger*, 890 F.2d 202, 207 (9th Cir.1989). A vessel owner's admission of liability is not alone sufficient to satisfy the claimant's burden of proof; rather, "[t]he claimant retains the burden of proving what act caused the loss even if the shipowner concedes that its crew was negligent." *BOWFIN*, 339 F.3d at 1138.

Once the claimant establishes the particular cause of loss or damage, the vessel owner is entitled to limit its liability only if the vessel owner then successfully demonstrates it was neither privy to, nor had knowledge of, the condition of unseaworthiness or the act of negligence that caused the accident. *Id.* "Privity or knowledge" may be actual or constructive; therefore, in addition to showing a lack of actual knowledge or the cause of the loss, the owner must also demonstrate that it has "avail[ed] itself of whatever means of knowledge are reasonably necessary to prevent conditions likely to cause losses."

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Waterman S.S. Corp. v. Gay Cottons,* 414 F.2d 724, 732 (9th Cir.1969); *see also States S.S. Co. v. United States,* 259 F.2d 458, 466 (9th Cir.1957) (" '[K]nowledge means not only personal cognizance but also the means of knowledge—of which the owner or his superintendent is bound to avail himself—of contemplated loss or condition likely to produce or contribute to loss . . . .' ") (quoting *The CLEVECO,* 154 F.2d 605, 613 (6th Cir.1946)).

Applying the Limitation of Liability Act's burden-shifting framework in this case, the district court concluded that although it had been established that the allision was caused by the captain of the CHINOOK falling asleep while on the navigation watch, the state did not prove why the captain fell asleep. According to the district court, had the state proved that, then Sea Coast would have had to establish its lack of privity or knowledge of that particular circumstance. In this appeal, the state argues the district court erred by putting this burden on it. We agree.

The state successfully established that Sea Coast was liable for the state's losses, not simply because of abstract negligence, but because of the specific act of negligence by the captain of the CHINOOK falling asleep while navigating the vessel. Sea Coast admitted the accident resulted from the captain having fallen asleep while at the helm, and further, Sea Coast was aware that the only disputed factual contention regarding the reason why Kjos fell asleep was the possibility that he had worked in excess of 12 hours in the 24 hours preceding the allision in violation of Coast Guard regulations. *See* 46 U.S.C. § 8104(h); 46 C.F.R. § 15.705(d).

Sea Coast's possible complicity in Kjos's overwork became evident during discovery, when it was revealed that Sea Coast had not made any appreciable effort to ensure that its crews complied with the Coast Guard's 12–hour work limitation. The centrality of this issue was reflected in the district court's pretrial order, which identified as among the disputed facts for trial Sea Coast's contention that Kjos had worked less than the 12–hour statutory limit in the 24 hours preceding the allision. The parties consequently dedicated the better part of the trial to this issue. The district court did not identify, and the parties did not present, any other reason for Captain Kjos falling asleep.

The Limitation of Liability Act is intended to protect and encourage investments in shipping, and therefore is structured to protect the interests of shipowners. *See Esta Later Charters, Inc. v. Ignacio,* 875 F.2d 234, 238 (9th Cir.1989). Thus, we held in *BOWFIN* that a shipowner is entitled to a limitation of liability when the claimant has failed to make any particular showing as to the cause of loss. 339 F.3d at 1138. To shift the burden of proof to the vessel owner under such circumstances would require the shipowner to speculate as to the cause of the accident, and then to disprove its privity or knowledge with regard to every possible cause. *See, e.g., Carr v. PMS Fishing Corp.,* 191 F.3d 1, 5–6 (1st Cir.1999).

The Act does not, however, create an insurmountable hurdle for parties that have suffered loss due to proved acts of negligence or conditions of unseaworthiness. Consequently, once a claimant demonstrates the cause of loss with enough particularity to permit the shipowner to put on a reasonably focused rebuttal, the burden of proof must shift to the vessel owner to demonstrate its lack of culpability for the cause. *Cf. The S.S. HEWITT,* 284 F. 911, 912 (S.D.N.Y.1922).

Here, Sea Coast was never called upon to speculate as to the cause of the loss, nor to attempt to disprove any privity or knowledge of all of the reasons why Kjos

 

might have fallen asleep. Instead, the only disputed factual contention was whether Sea Coast was neither privy to nor had knowledge of any violation by Kjos of the 12–hour work limitation. Sea Coast was not entitled to limit its liability without first satisfying this burden of proof. The district court, having tried the case, is in the best position to determine whether Sea Coast carried this burden. We therefore reverse the district court's judgment, and remand the case to it for further proceedings consistent with this memorandum disposition.

Because we reverse the district court's judgment and remand, we do not consider the state's remaining contentions on appeal.

**REVERSED AND REMANDED.**

---

\* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.