In re TWO "R" DRILLING COMPANY, INC., Petitioning for Exoneration from or Limitation of Liability.

TWO "R" DRILLING COMPANY, INC., Appellant,

v.

Sylvia ROGERS, Individually and as Administratrix of the Estate of Larry J. Rogers, etc., et al., Appellees.

No. 91–3164
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 7, 1991.

---

Charles J. Hanemann, Jr., Henderson, Hanemann & Morris, Houma, La., for appellant.

Lawrence D. Wiedemann, W. Lloyd Bowers, New Orleans, La., for appellees.

Before REAVLEY, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

REAVLEY, Circuit Judge:

This admiralty suit was filed to limit liability. The district court has allowed the state suit for damages to proceed, and the question of this appeal is the adequacy of the claimant's stipulation relative to the question of liability limitation.

Larry Rogers was drowned while working for Two "R" Drilling Company, Inc. as work was being conducted from a submersible drilling barge (Rig 20) and a deck barge (CER 701). The widow brought suit in Louisiana court for herself and her children and the estate of the deceased. Two "R" filed this limitation of liability action to take advantage of 46 U.S.C. § 183 and the pertinent federal law. In its complaint Two "R" states that the total combined value of Rig 20 and the barge CER 701, with freight, equalled $460,887.06. A proper bond was filed to secure payment of its liability, if any, up to that limit. The district court stayed and restrained any proceeding against Two "R" growing out of this casualty.

The Rogers' plaintiffs then filed a stipulation conceding the right of Two "R" to litigate all issues relating to limitation of liability in this federal proceeding. They did not agree to the stated value of the two vessels, but they did stipulate that no judgment would be enforced in excess of $460,887.06 without adjudication of the value issue in the federal court. The full text of the stipulation is as follows:

NOW INTO COURT, through undersigned counsel, come claimants, Sylvia Rogers, individually and as administratrix of the estate of Larry J. Rogers, and as natural tutrix on her minor children, Keeoka Renessha Rogers, Larry J. Rogers, Jr., Quintin Leedevin Rogers, Brandon Christopher Rogers, Dominique Leshaw Rogers, and Jairius Rogers, and submit the following stipulations in connection with the above captioned matter:

1. Claimants, Sylvia Rogers, individually and as administratrix of the estate of Larry J. Rogers, and as natural tutrix on her minor children, Keeoka Renessha Rogers, Larry J. Rogers, Jr., Quintin Leedevin Rogers, Brandon Christopher Rogers, Dominique Leshaw Rogers, and Jairius Rogers, hereby concede that petitioner, Two "R" Drilling Company, Inc., (hereinafter "Two 'R' Drilling"), is entitled to and has the right to litigate all issues relating to limitation of liability pursuant to the provisions of 46 U.S.C. Sections 182–189 in this Court, but claimants specifically reserve the right to deny and contest in this Court all assertions and allegations made by Two "R" Drilling in the complaint for limitation filed herein.

2. Claimants herein will not seek in action pending in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, in which a jury trial has been demanded, any judgment or ruling on the issue of Two "R" Drilling's right to limitation of liability; and hereby consents to waive any claim of *res judicata* relevant to the issue of limitation of

liability based on any judgment that may be rendered in said state court action.

3. Claimants herein, while not stipulating to or agreeing to $460,887.06 as the combined value of petitioner's interest in the vessel Two "R" Rig 20 and her pending freight and/or the value of petitioner's interest in the vessel CER 701 and her pending freight, hereby stipulate that in the event there is a judgment or recovery in the state court action in excess of $460,887.06, whether against Two "R" Drilling Company, Inc., or any other liable party or parties who may make cross claim or claims over against Two "R" Drilling Company, Inc., in no event will claimants herein seek to enforce that excess judgment or recovery insofar as same may expose Two "R" Drilling Company, Inc., to liability in excess of $460,-887.06 pending the adjudication of the complaint of limitation of liability in this Court.

4. Claimants herein stipulate and agree that if Two "R" Drilling Company, Inc., is held responsible for attorneys' fees and costs which may be assessed against it by a co-liable defendant a party seeking indemnification for attorneys' fees and costs, and such claim shall have priority over the claim of claimants herein.

The district court lifted the stay in response to the stipulation.

Two "R" appeals the lifting of the stay and contends that the stipulation was insufficient because it did not concede the value of the vessels as set forth in the owners' complaint. We consider Two "R" to be protected by the stipulation and affirm the action of the district court.

■ The issues of a shipowner's limitation of liability are issues only for the admiralty court, but it is well recognized that a claimant may pursue the claim before a jury in state court for resolution of those issues beyond the exclusive jurisdiction of the admiralty court. Where the claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability, the district court should lift any stay against the state proceeding. *See Ex parte Green,*

286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932); *Complaint of Dammers & Vanderheide,* 836 F.2d 750 (2d Cir.1988).

■ The only fault which Two "R" finds in the Rogers' stipulation is the failure to concede the value of the vessels and freight. However, the parties have agreed that the amount of the limitation must be resolved in the federal court, and the federal court has retained jurisdiction in the event that issue has to be resolved. Under the stipulation the Rogers claimants cannot recover more than the $460,887.06 without future adjudication in the federal district court. Nor may the Rogers obtain any judgment in state court that would have any preclusive effect upon the issue of the value of the vessels. The admiralty jurisdiction of the federal court and the rights of Two "R" are fully protected. We agree with the prior decisions of the Eastern District of Louisiana on this question. *See In re: Cooper/T. Smith Stevedoring Co.,* 735 F.Supp. 689 (E.D.La.1990); *In Re: Mister Wayne,* 729 F.Supp. 1124 (E.D.La.1989); *Kattelman v. Otis Engineering Corp.,* 701 F.Supp. 560 (E.D.La.1988).

AFFIRMED.