UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31009
_____

GENE A. BILLIOT,

Plaintiff-Appellee,

versus

DOLPHIN SERVICES, INC.; ET AL.,

Defendants,

DOLPHIN SERVICES, INC.,

Defendant-Appellant.

_____

In Re: In the Matter of: DOLPHIN SERVICES, INC.,
As Owner Pro Hac Vice/Operator of the Spud Barge KS410
For Exoneration From or Limitation of Liability,

DOLPHIN SERVICES, INC., As Owner Pro Hac Vice/
Operator of the Spud Barge KS410
For Exoneration From or Limitation of Liability,

Petitioner-Appellant,
versus

TEXACO, INC.; TEXACO EXPLORATION AND PRODUCTION, INC.;
GENE A. BILLIOT,

Claimants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

_____

August 24, 2000

Before JOLLY, SMITH, AND BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

For this challenge to the dismissal, as time-barred, of the action at hand, filed by Dolphin Services, Inc. (vessel owner *pro hac vice*/operator), under the Limitation of Vessel Owner's Liability Act, 46 U.S.C. §§ 181-196, at issue is whether, pursuant to 46 U.S.C. § 185 (action *must be filed within six months* of written notice of claim), the filing-period was triggered by Gene A. Billiot's original petition (written notice of claim), which misidentified the vessel on which he was allegedly injured (named barge with identification number different from one on which he now claims he was injured), even though:  Billiot refused, within that filing-period, to correct the misidentification, after Dolphin provided him with the correct identification; and Billiot waited until after expiration of that filing-period to amend his petition, by changing the barge identification.  We **VACATE and REMAND.**

### I.

Billiot allegedly was injured on 7 October 1997, while working as a crew member on a spud barge in Texaco's Leesville field.  On 19 August 1998, he filed his original state court petition, alleging that the incident occurred on spud barge *KS-420*.  Pursuant to an amendment to his petition, the incident instead allegedly occurred on *KS-410*.

That October, Dolphin answered incorrectly that, on the date of the alleged incident, it was the bareboat charterer of KS-420, which was operating in the Leesville field.  In fact, on that date, KS-420 was *neither* chartered by Dolphin *nor* in that area.  In addition, Dolphin asserted limitation of liability as a defense. Billiot, *inter alia*, contested that defense.

In February 1999, *less than six months after the petition was filed* (six months being the period allowed for filing a limitation of liability action), Dolphin informed Billiot that further investigation revealed the alleged incident *occurred on KS-410, not on KS-420 as pleaded*:

> Please be advised that our investigation has indicated that the spud barge upon which plaintiff was working at the time of his alleged incident was *not the KS-420, but rather the KS-410*. [Dolphin] did *not* charter the KS-420 until after plaintiff's alleged incident. ... [W]e will proceed as though all discovery propounded to date which inquired into the KS-420 was in fact inquiring into the KS-410.

(Emphasis added.)  Three days later, notwithstanding Dolphin's advising Billiot about his vessel misidentification, and after, in response to discovery requests about KS-420, receiving from Dolphin documentation relating to KS-410, Billiot replied *he instead wanted documentation for KS-420*.

In April 1999, more than six months after it was filed, Billiot amended his petition to claim the incident occurred on KS-

410. Dolphin answered; and, on 18 June 1999, filed this action in federal court, pursuant to the Limitation of Vessel Owner's Liability Act, 46 U.S.C. §§ 181-196 (the Act). This action was filed approximately ten months after Billiot's original petition, but only two months after it was amended. (Two days earlier, on 16 June, Dolphin had removed Billiot's state court action to federal court.)

Billiot, *inter alia*, moved to dismiss this limitation of liability action as untimely, because it was filed more than six months after Dolphin received his original petition. According to Billiot, that receipt was the triggering written notice of claim under the Act, 46 U.S.C. § 185.

The district court agreed, holding that, even though Billiot's original petition misidentified the vessel, it was sufficient written notice of claim for a limitation of liability action. Therefore, the action at hand was dismissed as untimely.

II.

We review *de novo* whether this action was timely filed. ***Complaint of Tom-Mac, Inc.***, 76 F.3d 678, 682 (5th Cir. 1996). If, in making its timeliness-ruling, the district court makes findings of fact, they are reviewed *only* for clear error. ***Id***.

In pertinent part, the Act provides:

> The *liability* of the owner of any vessel ... for ... any ... loss ... shall *not* ... *exceed* the amount or value of the interest of such owner in such vessel, and her freight then pending.

46 U.S.C. § 183 (emphasis added). And:

> The vessel owner, within six months after a claimant shall have given ... such owner written notice of claim, may petition a district court of the United States ... for limitation of liability....

46 U.S.C. § 185. A "written notice of claim" sufficient to trigger the filing-period must reveal a "reasonable possibility" that the claim is subject to such limitation. ***Tom-Mac***, 76 F.3d at 683.

At issue is whether the original petition, which misidentified the vessel on which the incident allegedly occurred, coupled with Billiot's insistence that the vessel (KS-420) listed in that petition was correctly identified, even after Dolphin informed him otherwise, is sufficient written notice of claim for the vessel (KS-410) *not* named until the petition was amended, with that amendment being subsequent to the filing-period running from the original petition.

- 5 -

Under the Act, the vessel owner's liability is limited to the value of his interest in the vessel.  Limitation cannot be claimed in general; instead, the vessel for which limitation is sought must be identified, because Fed. R. Civ. P. Supplemental Rule for Certain Admiralty and Maritime Claims F(2) requires the limitation of liability complaint to include "all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited".  Such facts include the vessel's identity and its value. (Moreover, as referenced *infra*, Rule F(1) requires, *inter alia*, the owner to post court-approved security.)

The Act does *not* require plaintiff to have identified the vessel in his underlying action (written notice of claim).  This notwithstanding, Billiot's original petition did identify a specific vessel: KS-420.  Dolphin investigated and informed him he had identified the wrong vessel.  Initially, Billiot insisted he was correct; but, after expiration of the filing-period for a limitation of liability action, he amended his petition by identifying a new vessel, KS-410, whose identification had been provided by Dolphin to Billiot prior to expiration of the filing-period running from the original petition.

Billiot relies upon **Tom-Mac** in claiming the original petition provided Dolphin with sufficient written notice of claim for KS-410, *even though the claim in that original petition was for KS-420, the wrong vessel*.  In **Tom-Mac,** two crew members were killed on

a barge attached to a tug.  In the resulting action, decedents'
survivors' petition alleged defendant Tom-Mac controlled a "fleet
of vessels" involved in the incident, and specifically identified
the barge on which it occurred.  But, more than a year after the
original petition was filed, the petition was amended to "expressly
clarify that [its] seaman status allegations [included] the tug".
***Tom-Mac***, 76 F.3d at 684 (as discussed *infra*, tug with barge in tow
considered one vessel).  *No* vessel was substituted for the barge
identified in the original petition.

Tom-Mac then filed a limitation of liability action, based
upon the amendment being the first "written notice of claim"
against the tug.  ***Id***. at 682.  But, our court held the original
petition provided Tom-Mac with a "reasonable possibility" that a
claim subject to the Act had been made against the tug, including
holding that the amendment to the claim was "very minimal".  ***Id.*** at
685.

***Tom-Mac*** is distinguishable.  Its result is very fact-driven;
just as is the result for the action at hand.  At the time of the
alleged incident in ***Tom-Mac***, the defendant controlled both the
barge and the attached tug.  Here, KS-420 (named in the original
petition) was *not* controlled by Dolphin at the time of the alleged
incident.  Instead, it was in dry dock and was *not* chartered by
Dolphin until almost three weeks after the alleged incident.

Furthermore, the original **Tom-Mac** petition alleged that a fleet of vessels was involved in the incident, thereby triggering the "flotilla doctrine to require — for limitation of liability purposes — the owner's tender of all of the vessels in the flotilla, or the value thereof, pending resolution of the underlying claims". *See id.* at 684. In this regard, **Tom-Mac** noted that, under our court's precedent:  "A tug and her barge in tow [are] treated for purposes of the flotilla doctrine as a single vessel, because [they are] owned in common and engaged in a common enterprise". **Id**. (internal quotation marks and brackets omitted). Billiot's original petition stated *only KS-420* was involved.  It mentions *neither* a fleet of vessels *nor* KS-410.

And, unlike the minimal amendment to the **Tom-Mac** original petition, Billiot's substituted one vessel for another.  Vessel substitution is *not* a minimal change in the petition, because, prior to the amendment, *and based on this record*, Dolphin had *no* notice that a claim subject to limitation was being made against the KS-410. *Cf.* **Complaint of Morania Barge No. 190, Inc.**, 690 F.2d 32, 34-35 (2d Cir. 1982) (initial petition for damages in amount less than vessel's value *insufficient* written notice of claim to trigger filing-period; amending petition to seek more than vessel's value does so).

As stated, the result in this action is very fact-driven. Dolphin was entitled to rely on Billiot's original petition (the

written notice of claim) and, especially, his response to — rejection of — Dolphin's advising him he had identified the wrong vessel. *See* **id**. To hold otherwise would be to countenance plaintiffs' manipulation of the filing-period for limitation of liability actions, with, among other things, concomitant unnecessary costs in time, effort, and money (including possibly posting security) to defendants having to file such an action when they might otherwise *not* have been required to do so if the plaintiff, *in electing to identify a specific vessel*, had simply identified the correct one. And, obviously, limitation of liability actions filed unnecessarily in federal courts adversely affect them.

This holding is limited to the facts at hand. Based on them, the original petition was *not* a sufficient written notice of claim to reveal to Dolphin the requisite "reasonable possibility" that a claim against KS-410, subject to limitation of liability, had been made.

### III.

For the foregoing reasons, the dismissal of this action is **VACATED**, and it is **REMANDED** for further proceedings.

*VACATED and REMANDED*

- 9 -