In the Matter of the Complaint of SANTA FE CRUZ, INC., Owner of the Vessel, "Santa Fe Cruz," and Zimco Marine Inc.

Civil Action No. B–07–103.

United States District Court,
S.D. Texas,
Brownsville Division.

Oct. 9, 2007.

Tom Fleming, Fleming & Hernandez, James H. Hunter, Jr., Royston Rayzor Vickery and Williams, Brownsville, TX, for Santa Fe Cruz, Inc.

### ORDER ON CLAIMANT'S OPPOSED MOTION TO ABSTAIN AND LIFT INJUNCTION

FELIX RECIO, United States Magistrate Judge.

Before this Court is Claimant David Medina's opposed motion to abstain and lift injunction. For the reasons set out below the Court DENIES Claimant's motion.

### JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 636(c). All parties have waived their right to proceed before a district judge and consented to have a United States Magistrate Judge

conduct all proceedings, including trial and judgment. (Doc. 27).

## BACKGROUND

On July 18, 2007 Petitioner Santa Fe Cruz, Inc. and now-Claimant Zimco Marine, Inc. jointly filed an original petition for limitation of liability under 46 App. U.S.C. §§ 181–196 (2007). (Doc. 1). The Petition alleged that an action was pending against both Zimco Marine and Santa Fe Cruz in the 404th Judicial District of Cameron County, Texas for damages incurred by Claimant David Medina arising out of a voyage aboard the F/V Santa Fe Cruz fishing vessel on October 1, 2005. On August 8, 2007 this Court enjoined Claimant Medina from further prosecution of any action against Santa Fe Cruz or Zimco Marine, or their property, pursuant to Supplemental Maritime Rule F(3) of the Federal Rules of Civil Procedure. (Doc. 7).

On August 20, 2007 Zimco Marine filed a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) dismissing its petition for limitation of liability, and on August 21, 2007 Judge Hilda Tagle ordered Zimco's petition be so dismissed. (Docs. 9, 13). The same day Zimco filed a claim against Santa Fe Cruz for indemnification and/or contribution, and on August 27, 2007 David Medina filed his claim against Santa Fe Cruz in this Court. (Docs. 11, 15). Presently, both David Medina and Zimco Marine are claimants in this limitation of liability proceeding.

On August 22, 2007, before Medina filed a claim in the limitation of liability proceeding, he filed a "Motion to Abstain and to Remand," asking the court to abstain from adjudicating the limitation proceeding and to "remand" to state court. (Doc. 12). This court set the motion for hearing re-styled as "Claimant's Opposed Motion to Abstain and Lift Injunction," and ordered briefing. (Doc. 19). The court con-

ducted the hearing on October 1, 2007 but did not rule on the motion at that time. Thereafter, Claimant Medina filed a stipulation intended to protect Santa Fe Cruz's right to limitation of liability under federal law, and Claimant Zimco Marine filed an advisory to the court arguing that Medina's stipulation was insufficient to merit a lifting of the stay (Doc. 26, 30).

## CLAIMANT MEDINA'S ARGUMENTS

Medina titled his motion, "Plaintiff's Opposed Motion to Abstain and to Remand," however, the motion is effectively a motion to dismiss and a motion to lift the stay. Medina first argues that Petitioner Santa Fe Cruz's petition for limitation of liability under 46 App. U.S.C. §§ 181–196 was not timely filed according to the statute and Supplemental Rule F, and that therefore the court should dismiss Santa Fe's petition. In the alternative, Medina argues that this Court should lift the stay and allow the case to proceed in state court based on the "single claimant rule." The court will address both arguments in turn.

## ANALYSIS

### I. Petitioner Santa Fe Cruz timely filed this limitation proceeding.

#### a. A vessel owner must file a petition for limitation of liability within six months of receiving written notice of a claim.

The Supplemental Rules for Admiralty and Maritime claims provide that a complaint for limitation of liability must be filed in the appropriate district court no later than six months after receipt of a claim in writing. Fed. R. Civ. Proc. Supp. F(1). Likewise, the Limitation of Liability Act provides "The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the

United States of competent jurisdiction for limitation of liability." 46 App. U.S.C. § 185. Although the Fifth Circuit has not specifically addressed what constitutes written notice of a claim, it has stated "the purpose of the six-month prescription ... is to require the ship owner to act promptly to gain the benefit of the statutory right to limit liability." *Exxon Shipping Co. v. Cailleteau,* 869 F.2d 843, 846 (5th Cir. 1989).

■ Courts in the Fifth Circuit have generally required that, in order to be sufficient to trigger the six-month period, written notice must inform the *owner* (1) of the details of the incident; (2) that the owner appeared to be responsible for the damages in question; (2) that the claimant intends to seek damages; and (4) that there is a reasonable possibility that the potential claim is subject to limitation. *See generally In the Matter of Loyd W. Richardson Construction Co.,* 850 F.Supp. 555 (S.D.Tex.1993); *Billiot v. Dolphin Services, Inc.,* 225 F.3d 515 (5th Cir.2000); *Complaint of Tom–Mac, Inc.,* 76 F.3d 678 (5th Cir.1996). Mere knowledge by the shipowner is not enough to commence the running of the six-month period. *In the Matter of the Complaint of Dolphin Services, Inc.,* 1999 WL 694086 (E.D.La.1999) (citing *Complaint of Okeanos Ocean Research Foundation, Inc.,* 704 F.Supp. 412, 414 (S.D.N.Y.1989)).

**b. Santa Fe Cruz filed its petition for limitation of liability within the six month period required under the statute.**

■ Santa Fe Cruz, the owner of the vessel, was provided a claim in writing on or about May 23, 2007 and it filed its petition for limitation of liability on July 18, 2007. However, Claimant Medina argues that the claim filed against Zimco Marine in state court on December 21, 2005 constitutes written notice to Santa Fe Cruz. Claimant Medina bases this argument on the fact that Zimco Marine and Santa Fe Cruz are related corporate entities.[1] However, the statute clearly states that notice must be given to the *vessel owner* and we can find no precedent where notice to another party not the vessel owner, regardless of corporate relatedness, was sufficient under the statute and Rule F(1) to trigger the running of the six month period. The lawsuit filed by Medina naming only Zimco Marine as Defendant is not sufficient written notice to the vessel owner, Santa Fe Cruz.

**c. This Court has proper jurisdiction over the limitation proceeding.**

Because Santa Fe Cruz filed its petition for limitation of liability within six months of receiving written notice of a claim subject to limitation, this court has proper jurisdiction over the limitation proceeding. Medina's motion to dismiss Santa Fe Cruz's petition is DENIED.

***II. Claimant David Medina's motion to lift the stay is denied.***

**a. The Automatic Stay and the "Savings to Suitors Clause"**

■ Under the Limitation of Liability Act and the Supplemental Rules, a federal district court stays all related claims against a shipowner pending in any forum, and requires all claimants to assert their claims in the limitation court. *Magnolia Marine Transp. v. Laplace Towing Corp.,*

---

1. This Court makes no findings of law or fact regarding the legal relationship between Zimco Marine and Santa Fe Cruz at this time. The Court notes that Claimant Medina has filed documents regarding the corporate relatedness of the two companies, and Santa Fe Cruz has objected to these documents as unsubstantiated hearsay. However, there is no need to make any findings regarding this issue at the present time.

964 F.2d 1571, 1575 (5th Cir.1992). This accords with the federal courts' exclusive jurisdiction of suits brought in maritime. *Port Arthur Towing Co. v. John W. Towing,* 42 F.3d 312 (5th Cir.1995) (citing 28 U.S.C. § 1333). However, although Congress has granted exclusive maritime jurisdiction to the federal courts, it has left intact an injured plaintiff's constitutional right to a jury trial through the "savings to suitors clause." *See Magnolia Marine,* 964 F.2d at 1575 (quoting the clause of Section 1333 that saves "to suitors ... all other remedies to which they are otherwise entitled"). Federal courts resolve the inherent tension between a ship-owner's right to limitation of liability and an injured plaintiff's right to a jury trial created by this statutory framework by allowing a common law claim to continue, so long as a shipowner's federal rights are not jeopardized.[2]

■ The Supreme Court has been emphatic that the Limitation of Liability Act is not an "offensive weapon," and should not be used by shipowners to "deprive suitors of their common-law rights, ... where the limitation fund is known to be more than adequate to satisfy all demands upon it." *Lake Tankers Corp. v. Henn,* 354 U.S. 147, 152, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957). However, the Supreme Court has also stated that a federal court's primary concern is to "protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Magnolia Marine,* 964 F.2d at 1575; *see also Langnes v. Green,* 282 U.S. 531, 543, 51 S.Ct. 243, 75 L.Ed. 520 (1931). When the total of all claims asserted is greater than the value of the vessel and its freight, the

admiralty court is responsible for setting the priorities among claims and distributing the fund accordingly. *In re Moran Transp. Corp.,* 185 F.2d 386, 389 (2d Cir. 1950), cert. denied, 340 U.S. 953, 71 S.Ct. 573, 95 L.Ed. 687 (1951).

**b. Standards For Lifting the Stay**

■ In order for a federal court to lift a stay issued in a limitation of liability suit and allow the plaintiff to proceed in state court, all claimants must concede the admiralty court's exclusive jurisdiction to determine all issues relating to limitation of liability. *See Ex Parte Green,* 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932); *Two R Drilling Company v. Rogers,* 943 F.2d 576 (5th Cir.1991). When the aggregate of the damages sought by all claimants exceeds the value of the limitation fund, actions cannot proceed in state court unless all claimants enter into stipulations that adequately protect the shipowner's right to limitation of liability. *Port Arthur Towing Co.,* 42 F.3d 312, 316. A "claimant" in this context includes a co-defendant asserting cross-claims for indemnification, costs, and attorney's fees. *Id.*

**c. The "Single Claimant Rule"**

■ Claimant Medina argues that this limitation of liability suit essentially involves "one claim" by "one claimant." *See* Claimant's Mot. to Abstain and to Remand 2. In so arguing, he attempts to invoke the "single claimant rule," which permits a federal court to lift a stay and allow a single claimant to proceed outside of the limitation proceeding by filing appropriate stipulations. The rule is a court-created exception to a federal court's ex-

---

**2.** One of the most important aspects of an injured plaintiff's common law remedies is the common law right to a jury trial. A claimant in a limitation of liability suit has no such right. *See e.g., Lewis v. Lewis & Clark*

*Marine, Inc.,* 531 U.S. 438, 448, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001)("the [federal] court, sitting without a jury, determines whether the vessel owner is liable and whether the owner may limit liability.").

clusive admiralty jurisdiction aimed at preserving an injured seaman's right to a jury trial. *See Langnes v. Green,* 282 U.S. at 541–42, 51 S.Ct. 243; *Ex Parte Green,* 286 U.S. at 439–40, 52 S.Ct. 602. However, in order to invoke the single-claimant rule, there must be only one claimant. Here, although Zimco Marine is a co-defendant in the state court action, it has filed a claim for indemnification against Santa Fe Cruz in this proceeding. Fifth Circuit Law is clear that a co-defendant asserting cross claims for indemnification is properly considered a claimant in a liability proceeding. *See Port Arthur Towing Co.,* 42 F.3d at 316. Medina cannot invoke the single claimant rule.

### d. Sufficiency of Claimant Medina's Stipulation

 Although Medina may not invoke the single-claimant rule to support lifting the stay, this court may still lift the stay if it finds the claimants have entered stipulations sufficient to protect the vessel owner's right to limitation of liability. In order for stipulations to be sufficient, they must protect the federal court's jurisdiction to determine all issues relating to limitation of liability. *Ex Parte Green,* 286 U.S. 437, 52 S.Ct. 602; *Two R Drilling Company,* 943 F.2d 576. This usually requires claimants to stipulate (1) not to seek a determination of the limitation of liability issue nor the amount of the limitation fund in the state forum; (2) to waive any res judicata effect the decisions of the state court might have on these two issues; (3) not to enforce any state court judgment until the Court has adjudicated the Petitioner's right to limitation of liability; and (4) not to enforce any judgment that would require payment of damages in excess of the limitations fund. *See generally Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 454, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001); *Lake Tankers Corp. v. Henn,* 354 U.S. at 151–52, 77 S.Ct. 1269; *Two R*

*Drilling Company,* 943 F.2d at 577–78. However, when there is a potential claim for attorney's fees and costs against the vessel owner by a co-liable defendant, a stipulation that such fees will have priority over the claim of the claimant is necessary to protect the vessel owners rights. *See Two R Drilling Company,* 943 F.2d at 578.

Here, unless both claimants stipulate that the value of all claims will not exceed the limitation fund, such a stipulation would be necessary to ensure Santa Fe Cruz's right to limitation · of liability. Claimant Medina filed a stipulation in an attempt to have the stay lifted, however Zimco has not joined those stipulations. *See* Claimant's Stipulation. (Doc. 26). In his stipulation, Medina agreed that the total value of *his claim* would not exceed the total value of the limitation fund. *Id.* at ¶ A. Further, Medina stipulated that he would non-suit Zimco Marine in state court, "should this Court remand this action to state court, thereby eliminating any indemnification claims of Zimco Marine, Inc." *Id.* at ¶ D.

Medina's attempt to get around the requirement that all claimants must make the stipulations required by offering to "non-suit" Zimco Marine is inadequate because it does not adequately protect Santa Fe Cruz's right to limitation of liability. As Zimco Marine aptly points out, a non-suit in state court is without prejudice, and Medina would be free to reassert claims against Zimco Marine. *See* Claimant Zimco Marine's Advisory to the Court 1. (Doc. 30). Further, Zimco Marine may still pursue its claim for indemnification against Santa Fe Cruz in the limitation of liability proceeding for costs incurred thus far, and therefore Claimant Medina's stipulation that he will not seek damages above the limitation fund is inadequate to protect Santa Fe Cruz's right to limitation of liability.

### e. Lifting the Stay is Not Proper

Because Zimco Marine has not joined in the stipulations, and Claimant Medina's stipulations are inadequate to protect Santa Fe Cruz's right to limitation of liability, lifting the stay is not proper. Claimant Medina's Motion to Abstain and Lift the Stay is therefore DENIED.

### CONCLUSION AND ORDER

For the reasons set out above, below the Court DENIES Claimant Medina's Motion and ORDERS that the stay remain in place.