# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2012

No. 11-30567

Lyle W. Cayce
Clerk

In re: In the Matter of the Complaint of ENVIRONMENTAL SAFETY &
HEALTH CONSULTING SERVICES, INCORPORATED, for Exoneration
from or Limitation of Liability

---

ENVIRONMENTAL SAFETY & HEALTH CONSULTING SERVICES,
INCORPORATED, as Owner of a 16 foot Alweld Boat Bearing Louisiana
Registration No. LA-8174-EW,

Petioner–Appellant

v.

AVERY DIAZ,

Claimant–Appellee

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-588

---

Before KING, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The Limitation of Liability Act allows owners of maritime vessels to limit

their liability for accidents occurring on their vessels to the value of the vessel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-30567

46 U.S.C. § 30505.  The Act requires that a limitation of liability action "be brought within six months after a claimant gives the [vessel] owner written notice of a claim."  *Id*. at § 30511.  We agree with the district court that the state-court petition filed by Plaintiff-Appellee Avery Diaz was sufficient to constitute "written notice" under § 30511 of his claim against Defendant-Appellant Environmental, Safety & Health Consulting Services, Inc. ("ES&H").

## I.  FACTUAL & PROCEDURAL BACKGROUND

Diaz claims he was injured on August 25, 2008 while working aboard a "small, unnamed boat."  On the day in question, Diaz was working for Team Labor Force, a subcontractor of ES&H, assisting in ES&H's clean-up of an oil spill in the Mississippi River near the Port of New Orleans.  Diaz filed a claim in Louisiana state court on July 19, 2010 and served ES&H with process in conjunction with that claim on August 4, 2010.[1]

---

[1] The substantive portions of the state court petition are reproduced here.

Petition for Damages

The petition for damages of Avery Diaz, a person of the full age of majority and a resident of Jefferson Parish, Louisiana, alleges upon information and belief as follows:

1.

Made defendant herein is Environmental, Safety & Health Consulting Services, Inc., a domestic corporation.

2.

On August 25, 2008, petitioner was employed by Team Labor Force and was assigned by his employer to assist clean-up operations in connection with an oil spill on the Mississippi River in the Port of New Orleans.

3.

Environmental, Safety & Health Consulting Services, Inc. (hereinafter, "ES&H") was under contract to perform the clean-up of the oil spill in the area immediately down river of the Crescent City Connection and included the area along the eastbank of the Mississippi River in Orleans Parish in front of the Ernest N. Morial Convention Center and, in connection therewith, subcontracted with Team Labor Force to perform a portion of the clean-up operations.

4.

Avery Diaz and two co-workers were assigned to work in a small, unnamed boat and to perform various duties on said vessel in the abatement of

No. 11-30567

ES&H filed the underlying limitation of liability action in the Eastern

the oil spill.

5.

During the late afternoon hours of August 25, 2008, defendant caused petitioner and his co-workers to work from the above-mentioned vessel and to clean oil from the hull of a tug boat which was moored along the wharf of the eastbank of the Mississippi River behind the Ernest Morial Convention Center, within Orleans Parish.

6.

During the late afternoon hours of August 25, 2008, because of an approaching thunderstorm, defendant shut down operations within its geographic work area, but advised the employees of its subcontractor, Team Labor Force, to continue their job of cleaning the tug so that the tug could depart the area.

7.

In connection with the shut-down of operations, other than that being conducted by petitioner and his co-workers, defendant sent home the safety representative whose job it was to watch for waves from ships passing through the work area.

8.

While petitioner and his co-workers were performing their work, one or more large waves from a passing ship slammed into petitioner's boat causing petitioner to fall.

9.

As a result of the above-described incident, petitioner has sustained serious, painful, permanent and disabling injuries all of which were caused by defendant's neglect.

10.

Petitioner maintains that defendant was negligent in keeping its subcontractor and the subcontractor's employees on the scene without restricting the motion of ships through the area, in failing to provide an appropriate lookout, in failing to impose appropriate safety measures, in leaving its contractor's employees at work without an appropriate spotter and all such other negligent acts or omissions as may come to light during the discovery phase of this case.

11.

As a result of the injuries and losses petitioner sustained by virtue of the foregoing, he claims damages from defendant including past and future medical expenses, past and future lost wages and/or loss of earning capacity, past and future pain and suffering and past and future mental anguish, emotional distress, scarring, disfigurement and disability; petitioner hereby demands such damages as will fully and fairly compensate him for the injuries and losses he has sustained and in such amount as may be deemed to be fair and just by the finder of fact at the time of trial; as required by law, petitioner hereby maintains that his damages exceed $50,000, exclusive of interest and costs.

No. 11-30567

District of Louisiana on March 14, 2011.  Diaz moved to dismiss ES&H's claim for failure to bring the action within six months of receiving notice.  The district court treated Diaz's motion to dismiss as a motion for summary judgment and granted summary judgment to Diaz.  ES&H timely appealed.

## II.  STANDARD OF REVIEW

We employ a de novo standard in reviewing whether an action was timely filed.  *Billiot v. Dolphin Scrvs., Inc.*, 225 F.3d 515, 517 (5th Cir. 2000).  We also review a district court's grant of summary judgment *de novo* and applies the same standard as the district court.  *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010).  Under that standard, summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).  When reviewing a motion for summary judgment, the Court construes all the evidence and reasonable inferences in the light most favorable to the nonmoving party.  *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 234 (5th Cir. 2010) (quoting *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009)).

## III.  DISCUSSION

This Circuit uses the "reasonable possibility" test to determine the sufficiency of a written notice in Limitation of Liability Act cases.  *Complaint of Tom-Mac, Inc.*, 76 F.3d 678, 683 (5th Cir. 1996) (citing *Complaint of Morania Barge No. 190, Inc.*, 690 F.2d 32, 34 (2d Cir. 1982)).  Under this test, notice must "reveal[] a 'reasonable possibility' that the claim made is one subject to limitation."  *Id.*; *Billiot*, 225 F.3d at 517.  That is, "notice is sufficient if it informs the vessel owner of an actual or potential claim . . . which may exceed the value

of the vessel . . . and is subject to limitation." *P.G. Charter Boats, Inc. v. Soles*, 437 F.3d 1140, 1143 (11th Cir. 2006) (internal quotation marks omitted).

ES&H claims that because the state court petition did not identify ES&H as the owner of the "small, unnamed boat," and generally referred to acts that might be construed as negligence resulting from ES&H's supervision of Team Labor Force, ES&H did not know that Diaz was asserting a claim against it as a vessel owner.[2] Diaz argues in response that his state-court petition constituted sufficient written notice to ES&H that his claim could be subject to limitation.

In his state-court petition, Diaz averred that: (1) he was working for a subcontractor of ES&H; (2) he was "assigned to work in a small, unnamed boat"; (3) ES&H caused him to work from the boat and directed his work for the day; (4) ES&H told Diaz and other Team Labor Force employees to keep working when it otherwise shut down operations on August 25, 2008 due to an approaching storm; (5) ES&H sent home its safety representative when it shut down operations; and (6) Diaz was injured on August 25, 2008, while still performing his assigned work on the designated vessel. In addition, Diaz states in his memo in support of summary judgment that Team Labor Force has the same owners, officers, directors, and upper management as ES&H, and that they "operate out of the same facility." Management of both companies knew of Diaz's injury when it occurred, and they made accommodations for him at work after the accident, until his doctors required that he cease working due to the severity of his injuries. Therefore, it is clear that ES&H knew that Diaz was injured, the date of his injury, that Diaz had been directed to work from "a small, unnamed boat," and that ES&H had told Diaz what tasks to perform on that boat. "The [Limitation of Liability] Act does *not* require plaintiff to have identified the vessel in his underlying action (written notice of claim)." *Billiot*, 225 F.3d at

---

[2] ES&H does not dispute that Diaz's claim exceeds the value of the vessel on which he was working.

517.[3]  Considering the fact that ES&H and Team Labor Force had the same management, and that the two entities assigned and directed Diaz's work on August 25, 2008, ES&H should have determined, within six months of Diaz's petition, that it owned the boat on which Diaz worked that day, and that there was a "reasonable possibility" that Diaz's claim was subject to limitation.

Diaz's state-court petition contained enough information to "inform the owner [of the vessel] both of details of the incident and that the owner appeared to be responsible for the damage in question." *Matter of Oceanic Fleet, Inc.*, 807 F.Supp. 1261, 1262 (E.D. La. 1992) (quotation marks and citations omitted). The Limitation of Liability Act requires nothing more.  In addition, we must remember that "[t]he purpose of the six-month prescription on the limitation of liability petition is to require the shipowner to act promptly to gain the benefit of the statutory right to limit liability." *Exxon Shipping Co. v. Cailleteau*, 869 F.2d 843, 846 (5th Cir. 1989).  Using the same information it had when Diaz filed his state-court petition, ES&H realized, albeit too late, that his claim could be subject to limitation.[4]  ES&H cannot now regain a statutory right lost due to its own failure to investigate and act in a timely manner.  *C.f. Morania Barge*, 690 F.2d at 33-34 (placing burden on shipowner of investigating within six-month period whether the amount of the claim exceeds the value of his ship, where claim does not specifically identify amount of damages at issue and "such an excess appears reasonably possible"); *In re Donjon Marine Co., Inc.*, 2009 WL 3241687, at *2 (D. N.J. Oct. 7, 2009) (same).

Accordingly, because we find that Diaz's state court petition was specific enough to inform ES&H of a claim that could be subject to the Limitation of

---

[3] Indeed, Diaz could not have "named" the vessel, as ES&H identifies it simply by its Louisiana Registration Number, LA-8174-EW.

[4] ES&H has pointed to no new information of which it became aware after the six-month period had run, suddenly indicating its ownership of the vessel at issue.

No. 11-30567

Liability Act, we AFFIRM the district court's grant of summary judgment in Diaz's favor.