Patricia GUEST, Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
Carnival Cruise Lines,
Defendant.

Case No. 11–23662–CIV.

United States District Court,
S.D. Florida.

Nov. 7, 2012.

Robert D. Peltz, McIntosh, Sawran, Peltz & Cartaya, PA, Carol Lynn Finklehoffe, Leesfield & Partners, P.A., Miami, FL, for Plaintiff.

David James Horr, Nicolas Antonio Pelleya, Stephanie Hurst Wylie, Horr, Novak & Skipp, John Michael Magee, Carnival Cruise Lines, Miami, FL, for Defendant.

## OMNIBUS DISCOVERY ORDER

EDWIN G. TORRES, United States Magistrate Judge.

This matter is before the Court on various pending discovery matters. The majority of these matters were set for hearing before the Court on September 7, 2012, during which the parties presented arguments. [D.E. 41]. Additionally, Defendant moved for a protective order with respect to the noticed deposition of its

Chief Executive Officer [D.E. 43], which the Court also set for argument during the September 7th hearing. [D.E. 45]. Prior to the hearing, the parties agreed to resolve some of the pending issues and thus narrowed the issues before the Court. Their agreement as to those issues is incorporated below. With respect to the remaining issues, the Court has reviewed the motion, response [D.E. 44], reply [D.E. 46], supplemental filings [D.E. 47, 48, 49, 52] and record in this matter. For the following reasons, the various discovery matters are resolved as follows:

## I. BACKGROUND

Plaintiff Patricia Guest ("Plaintiff") slipped and fell while aboard the *Carnival Splendor* ("vessel"), a cruise ship owned and operated by Defendant Carnival Corporation ("Defendant"). Plaintiff's fall resulted in an injury, which she seeks compensation for through this lawsuit. The cause of her fall (among other things) is disputed.

Plaintiff contends that a fire broke out in the generator compartment of the aft engine room and that this fire caused the vessel to lose all power. As a consequence, the vessel was left adrift at sea and, in at least one instance, it "violently lurched causing the Plaintiff to fall severely injuring her right shoulder." [D.E. 1 at ¶ 18]. The United States Coast Guard ("Coast Guard") conducted an investigation into this incident, which, in part, is relevant to this discussion.

## II. LEGAL ANALYSIS

### A. *Defendant's Motion for Protective Order [D.E. 43] is GRANTED*

■ Defendant seeks a protective order to preclude the deposition of its Chief Financial Officer Gerry Cahill. Simply put, Plaintiff fails to present a compelling reason why it is necessary to take his deposition. *See, e.g., Little League Baseball, Inc. v. Kaplan*, No. 08–60554–CV, 2009 WL 426277, at *2 (S.D.Fla. Feb. 20, 2009)(noting that the "[defendant] ha[d] failed to satisfy his burden of showing that it [wa]s necessary to compel the deposition of [plaintiff's] chairman."). Indeed, to a large degree, Plaintiff seeks to depose Mr. Cahill based on certain statements that he purportedly made publicly or in press releases. However, as the parties have agreed, Plaintiff may be able to establish, authenticate and attribute these statements to the Defendant through a Rule 30(b)(6) deposition, which would obviate the need to take Mr. Cahill's deposition. That being said, however, Plaintiff's request to depose Mr. Cahill is denied *without prejudice* insofar as she may seek to subsequently take his deposition if Defendant's Rule 30(b)(6) depositions fail to authenticate his statements. But, for now, Defendant's motion is **GRANTED.**

### B. *Defendant's Objections Based on 46 U.S.C. § 6308 are OVERRULED*

As noted, the Coast Guard conducted an investigation regarding the subject incident. As a consequence of this investigation, Defendant provided certain documents and materials to the Coast Guard. Plaintiff has propounded several requests seeking the production of those documents, and documents generally relating to this investigation. Among other things, the requests sought: 1) photographs taken by Defendant; 2) communications between Defendant and the Coast Guard with respect to this investigation; and, 3) reports, memoranda, or documents that *Defendant submitted to the Coast Guard.* Defendant objected to those requests as barred from

discovery pursuant to 46 U.S.C. § 6308.[1] Defendant accompanied its answer with a privilege log, which states in full as follows:

| Nature of Document | Immunity/Privilege Asserted |
|---|---|
| Interim internal investigation reports prepared in anticipation of litigation, produced confidentially to the U.S. Coast Guard as part of its ongoing investigation, and protected from public disclosure pursuant to FOIA Exemption 4 as it contains Confidential Commercial, Proprietary, or Financial lInformation. | Attorney/Client privilege; work product; and Self–Critical Analysis Privilege; non-testifying expert exemption to discovery pursuant to Federal Rule of Civil Procedure 26(b)(4)(D); 46 U.S.C. § 6308. |
| Photographs taken in anticipation of litigation by experts not designated to testify in conjunction with their investigation and analysis, produced confidentially to the U.S. Coast Guard as part of its ongoing investigation, and protected from public disclosure pursuant to FOIA Exemption 4 as it contains Confidential Commercial, Proprietary, or Financial Information. | Work product; and Self–Critical Analysis; non-testifying expert exemption to discovery pursuant to Federal Rule of Civil Procedure 26(b)(4)(D); 46 U.S.C. § 6308. |

The issue boils down to this: what is the scope of 46 U.S.C. § 6308? And, more specifically, whether that statute allows this Defendant to withhold the documents or other materials that *it produced to the Coast Guard* in furtherance of the Coast Guard's investigation.

Each party advocates the opposite result. Plaintiff contends that 46 U.S.C. § 6308 is strictly limited to the actual report issued by the Coast Guard after it has completed its investigation, and includes any and all documents or information contained within that report. Defendant contends, however, that because it generated and provided certain documents to the Coast Guard at its request and for its investigation—and not in the ordinary course of business—that this statute precludes them from discovery.

As a preliminary matter, the statutory language supports Plaintiff's narrower position. Section 6308(a) states:

Notwithstanding any other provision of law, *no part of a report of a marine casualty investigation* conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.

42 U.S.C. § 6308(a) (emphasis added). Furthermore, 46 C.F.R. § 4.07–1(b) explains that: "The investigations of marine casualties and accidents and the determinations made are for the purpose of taking appropriate measure for promoting safety of life and property at sea, and are not intended to fix civil or criminal responsibil-

---

**1.** For reference purposes, Defendant asserted this statute to deny production to Requests 8, 14 and 15 of Plaintiff's First Request for Production and Requests 8, 9, 10 and 11 of Plaintiff's Third Request for Production. As the privilege log makes clear, Defendant raises additional grounds to support its position, which the Court rejected during the September 7th hearing. *See* n. 2, *infra*.

ity." When read together, it is clear that the scope of the statutory protection is limited to the Coast Guard's investigative report, and anything included within that report, in order to avoid having the Coast Guard's investigative report and its conclusions influence the litigation process.

■ Indeed, courts considering this question universally agree that the Coast Guard's *report* is protected from discovery and is inadmissible as evidence. *See In re Complaint of Atl. Marine Prop. Holding Co., Inc.,* Civ. A. No. 06–0100–CG–B, 2008 WL 3828801, at *1 (S.D.Ala. Aug. 13, 2008) ("[T]he entire content of the Coast Guard's report is precluded from being used in any civil litigation pursuant to 46 U.S.C. § 6308."); *Bruce Falconer v. Penn Maritime, Inc.,* 397 F.Supp.2d 68, 70 (D.Me. 2005) ("The statute expressly prohibits the admission into evidence of any 'part of the report' and Coast Guard photographs taken pursuant to its investigatory authority must be 'part of the report.' "); *Baker Hughes Oilfield Operations, Inc. v. Seabulk Tankers, Inc.,* No. Civ. A. 03–1230, 2004 WL 859199, at *1 (E.D.La. Apr. 20, 2004)("By the plain language of [46 U.S.C. § 6308(a) ], the Coast Guard report disputed here is not admissible evidence in this case." And, "[c]ertainly, the Coast Guard report or any portion is inadmissible as a general rule."); *I & M Rail Link, LLC v. Northstar Nav., Inc.,* 98 C 50359, 2001 WL 460028, at *6 (N.D.Ill. Apr. 27, 2001) ("The court hereby orders that, as required by 46 U.S.C. § 6308(a), no report or part of a report of any marine casualty investigation conducted pursuant to 46 U.S.C. § 6301 shall be offered or introduced as evidence at trial."); *Conagra, Inc. v. Weber Marine, Inc.,* No. Civ. A. 97–1019, 1999 WL 705546, at *2 (E.D.La. Sept. 8, 1999) ("Section 6308 clearly bars the admission of [the Coast Guard marine casualty investigation report]."); *Eckstein Marine Service, Inc. v. The Crescent Marine Towing, Inc.,* No.

Civ. A. 98–1467, 1999 WL 58264, at *1 (E.D.La. Feb. 2, 1999) ("[T]he Court finds that the [U.S. Coast Guard investigation report or the contents thereof] should be 'stricken' in the context of these pleadings as it is inadmissable as evidence."); *The Tokio Marine and Fire Ins. Co., Ltd. v. M/V Flora, et al.,* No. Civ. A. 97–1154, 1998 WL 516110, at *2 (E.D.La. Aug. 18, 1998) ("[T]he marine casualty investigation report is not admissible evidence in this case: the report may not be introduced into evidence by any party and no portion of the report may be considered an admission of liability by any person referred to in the report.").

Notwithstanding this weight of authority that clearly and consistently limits § 6308 to the Coast Guard's actual investigative report, Defendant advocates a broader interpretation of this statute insofar as Defendant contends that the documents *it provided to the Coast Guard* are also "part of" the Coast Guard's investigative report. As a practical matter, because the Coast Guard has yet to publish its report, and thus its contents are unknown, Defendant effectively advocates that anything and everything relating to the Coast Guard's *investigation* is off limits pursuant to this statute.

To support that argument, Defendant cites to *Nexen Petroleum U.S.A., Inc. v. Sea Mar Div. of Pool Well Servs. Co.,* No. 06–3043, 2007 WL 2874805 (E.D.La. Sept. 26, 2007). *Nexen Petroleum* is inapposite, however, and fails to support Defendant's position. That case dealt with whether the "executive summary"—a document that was produced by the Coast Guard but under a different statute—was precluded from discovery under § 6308. That court squarely rejected plaintiff's argument that the "executive summary" was discoverable, regardless of the fact that it arose under 46 U.S.C. § 7703, by noting that it was a

Coast Guard document, that it was produced as part of the Coast Guard's investigation, and that it "reveal[ed] the findings of fact, opinions, and conclusion of the [Coast Guard's] investigation." *See Nexen Petroleum,* 2007 WL 2874805, at *3–4 (concluding that the protections under 46 U.S.C. § 6308(a) are expansive and thus excluding the Coast Guard's "enforcement summary" issued pursuant to 46 U.S.C. § 7703, as opposed to § 6301, because it was a document issued by the Coast Guard as part of its "investigation" as contemplated by the express language of § 6308(a)).

■ However, simply because *Nexen Petroleum* concluded, as other courts have, that § 6308 is "expansive" in its protections, this does not translate to a broad prohibition as to the discovery or admissibility of any and all documents or materials pertaining in any way to the Coast Guard's investigation. Rather, at most, *Nexen Petroleum* affirmed that § 6308(a) is designed to avoid the use of *Coast Guard* reports and the conclusions contained therein to "fix civil or criminal responsibility" by reconciling the black letter and spirit of that statute and preventing a litigant from obviating the purpose of § 6308 through a loophole in the statutory scheme. *Id.* Yet, what remains clear from *Nexen Petroleum* is that, as a condition precedent to benefitting from the protections of § 6308, the relevant document must be a document produced *by the Coast Guard.* Because the documents here are the Defendant's own documents, and not those of the Coast Guard, Defendant's argument must fail.

Ultimately, the issue before this Court is whether or not the material that Defendant produced to the Coast Guard is precluded from discovery pursuant to 46 U.S.C. § 6308(a). Defendant has failed to provide the Court with any compelling support for that proposition, and this Court has been unable to find the same independently. In addition, a review of the applicable case law unequivocally demonstrates that 46 U.S.C. § 6308(a) extends to the specific Coast Guard investigative report and, arguably, any other Coast Guard document produced in the course of its investigation that contains any findings of fact, opinion or conclusions—not, however, a litigants own documents. Accordingly, Defendant's objections are overruled.

Defendant shall produce copies of all documents, photographs and any other materials provided to any governmental agency, classification society or flag state, including but not limited to the U.S. Coast Guard, in connection with the fire; the failure of the fire suppression systems; and the loss of propulsion aboard the vessel. Defendant shall produce the above-described documents within **seven (7) days** of this Order.[2]

To the extent that Defendant identifies documents within the materials to be produced that it contends are subject to the attorney-client privilege, it may submit

**2.** Defendant raises several additional issues in its brief filed in response to Plaintiff's response to Defendant's notice of supplemental authority. However, because the Court had previously overruled those additional arguments during the September 7 hearing, and because the Court specifically narrowed Defendant's supplemental argument to the issue of § 6308, and because Defendant's reply raises new issues insofar as neither its supplemental filing nor Plaintiff's response raised those issues, the Court rejects those argument out of hand. *See, e.g., Fromm–Vane v. Lawnwood Med. Ctr., Inc.,* 995 F.Supp. 1471, 1475 (S.D.Fla.1997). Regardless, had the Court fully reviewed them, they would have failed on the merits too. *See, e.g., Romacorp, Inc. v. Prescient, Inc.,* No. 10–22872–Civ, 2011 WL 2312563, at *3 (S.D.Fla. June 8, 2011)(concluding that party's FOIA objection had no bearing on civil discovery operating under the Federal Rules of Civil Procedure).

those specific documents to the Court for an *in camera* review so the Court can rule on whether or not those specific documents are to be produced. Defendant shall simultaneously provide to Plaintiff an identification of each such document it is claiming are subject to the attorney-client privilege with a brief description of the basis for the claim.

### C. *Agreed Discovery Order*

The parties, having agreed to resolve the remaining discovery issues, it is hereby **ORDERED AND ADJUDGED** as follows:

1. As to Plaintiff's Motion to Compel Corporate Representative deposition(s) pursuant to the Notice of Deposition dated August 10, 2012:

    a. Defendant shall produce the following witnesses to testify to the matters set forth in the above notice: Hotel Director Duncan Puttock (item numbers 5, 6, 8, 11, 12), Dr. Forrest Martin (item numbers 1, 7, 9, 10) and Captain Cupisti (item numbers 2, 3, 4, 13–20).

    b. Plaintiff shall depose Dr. Forrest Martin and Hotel Director Puttock by Skype or by some similar videoconferencing method to be agreed to by the parties. The depositions of Dr. Martin and Mr. Puttock shall serve as both a Rule 30(b)(6) deposition and as a deposition in their individual capacities.

    c. If it has not already done so, Defendant shall produce Captain Cupisti for deposition in Miami at a mutually convenient date before December 31, 2012. This deposition will also serve as a Rule 30(b)(6) and his individual deposition.

    d. The parties will work together toward attempting to coordinate the deposition of Chief Engineer Marco Scolaro, who is presently assigned to a ship sailing out of Long Beach, California in conjunction with the deposition(s) of the Plaintiff's treating physician(s) while the parties are in California for said depositions, if possible. In the event that the parties are unable to coordinate Chief Scolaro's deposition in such a manner, they reserve the right to present further argument to the Court regarding the location of this deposition.

    e. Defendant will make John Heald available for deposition in Miami at a mutually convenient time after his vessel the *Carnival Breeze* is repositioned there in November of 2012.

    f. Defendant will make call center operator Lisa Ann Collash available for deposition in Miami at a mutually convenient time before December 31, 2012.

2. As to Plaintiff's Motion to Compel Better Responses to Plaintiff's First Request for Production, the motion to compel item number 17 is moot based upon the Defendant's representation that it produced all such documents on August 23, 2012.

3. As to Plaintiff's Motion to Compel Better Answers to Plaintiff's Second Request for Production:

    a. The motion to compel item numbers 1 and 2 is denied as moot based on Defendant's representation that it has produced the entire deck log for the subject voyage on August 23, 2012 and that no voyage log or similar document exists for such voyage.

    b. The motion to compel item numbers 3 and 4 is denied as moot based on Defendant's representation that it has made a good faith and reasonable search to locate the documents. Defendant will, however, continue its efforts to locate these documents and, if they are found, Defendant shall immediately produce them to Plaintiff.

    c. The motion to compel item number 5 is denied as moot based on Defen-

dant's representation that it produced the entire passenger medical log for the subject cruise on August 23, 2012.

d. The motion to compel item numbers 7 and 8 is denied as moot based on Defendant's representation that it has made a good faith and reasonable search to locate the documents. Defendant will, however, continue its efforts to locate these documents and, if they are found, Defendant shall immediately produce them to Plaintiff.

e. The motion to compel item number 9 is denied as moot based on Defendant's representation that it produced all of the documents that it has located as described in this request on August 23, 2012. The Defendant will, however, continue its search for additional documents and, if they are found, Defendant shall immediately provide them to Plaintiff.

4. As to Plaintiff's Motion to Compel Better Responses to Plaintiff's Third Request for Production:

a. The motion to compel item number 1 is denied as moot based on Defendant's representation that it produced on August 23, 2012 all of the responsive documents that it has located. The Defendant will, however, continue its search for additional documents and, if they are found, Defendant shall immediately provide them to Plaintiff.

b. The motion to compel item number 2 is denied as moot based on Defendant's representation that it produced all such documents on August 23, 2012.

5. As to Plaintiff's Motion to Compel Better Responses to Plaintiff's Fourth Request for Production:

a. The motion to compel item number 12 is resolved as follows. Defendant will file a supplemental response indicating whether or not the vessel was under tow at the time of Plaintiff's accident. If

the vessel was not under tow, Plaintiff's request for these documents is denied as moot. However, if the vessel was under tow at such time, the motion is granted insofar as Defendant shall produce documents reflecting the speed and duration of the tow. After production of these documents, Plaintiff may seek any additional discovery it deems necessary and is permitted by the Federal Rules of Civil Procedure.

b. The motion to compel item number 13 is denied as moot based on Defendant's representation that it produced all responsive documents in its possession on August 23, 2012.