Hazel CREDLE, et al., Plaintiffs,

v.

SMITH AND SMITH, INC., as owners of the f/v Lady Mary, Defendant.

Civil Action No. 12–1760 (JEI/JS).

United States District Court,
D. New Jersey.

Signed Nov. 6, 2013.

---

Cooper, Levenson, April, Niedelman & Wagenheim, PA By: Lewis B. April, Esq., Atlantic City, NJ, and The Kaplan/Bond Group By: Brian Keane, Esq., Boston, MA, for Plaintiffs.

Law Offices of Simon Harter, Esq. By: Simon Harter, Esq., Princeton, NJ, and Wheatly, Wheatly, Weeks, Lupton & Massie, PA, By: Stevenson L. Weeks, Esq., Beaufort, NC, for Defendant.

## ORDER GRANTING MOTION IN LIMINE (Dkt. No. 22)

IRENAS, Senior District Judge:

This matter having come before the Court upon Defendant's Motion in Limine (dkt. no. 22), the Court having considered the Defendant's submission, and it appearing that:

(1) This suit arises out of the sinking of the F/V LADY MARY, a scallop boat that sank approximately sixty-five miles off the coast of Cape May, New Jersey on March 24, 2009.[1] (Am. Compl. ¶ 8; Def. Br. at 1.) The Plaintiffs allege that they are the personal representatives of the four deceased crewmembers of the F/V LADY MARY. (Am. Compl. ¶¶ 1–4.) The parties dispute the cause of the sinking. (*Compare* Am. Compl. ¶¶ 12–16 *with* Ans. to Am. Compl. ¶¶ 12–16.) In the aftermath of the sinking, the United States Coast Guard (USCG) and National Transportation Safety Board (NTSB) prepared a Marine Accident Brief. (Defs. Ex. B3; Defs. Ex. A.)

(2) The NTSB Marine Accident Brief summarized the circumstances of the F/V LADY MARY's sinking, describing the investigation of the sinking, the history of the vessel, conditions on the day of the sinking, the probable cause of the incident, and a safety recommendation based upon the results of the report. (Defs. Ex. B3.) The report was adopted on May 2, 2011. (*Id.* at 15.)

(3) On July 25, 2013, the Plaintiffs' expert, Robert H. Hazleton, was deposed. (Defs. Ex. D.) At his deposition, Hazleton was questioned about the contents of his expert report, dated May 31, 2013. (Defs. Ex. B at 1.) Under questioning, Hazleton explained that a number of his specific findings of fact and conclusions were based on information contained in the NTSB's Marine Accident Brief. (*See* Defs. Ex. D.) Specifically, the fol-

---

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1333. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

lowing findings of fact were based on the NTSB report: 4, 5–12, 15–16, 21, 24, 27, and 30; and the following conclusions were based on the NTSB report: 1a–1b, 3–5, 6a–6c (including 6c subparagraphs i-iii), and 7a. (*Id.* at 22–90.)

(4) On September 13, 2013, the Defendants filed the instant Motion, seeking to preclude the introduction of any evidence that the NTSB issued its Marine Accident Brief on May 2, 2011, or any of the opinions and conclusions set forth in the Marine Accident Brief. (Defs. Br. at 2.)

(5) 46 U.S.C. § 6301 authorizes the immediate investigation of marine casualties to determine, among other things, the causes of casualties, whether an act of misconduct or negligence occurred, whether violations of law occurred, and whether there is a need for new laws or regulations, or amendment or appeal of existing laws or regulations, "to prevent the recurrence of the casualty." The findings and conclusions of such investigations are not admissible in any civil or administrative proceeding. Specifically:

> Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.

46 U.S.C. § 6308(a). Similarly, no part of a NTSB report, "related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report." 49 U.S.C. § 1154(b). Such a report is defined as:

> [T]he report containing the [NTSB]'s determinations, including the probable cause of an accident, issued either as a narrative report or in a computer format ("briefs" of accidents). Pursuant to section 701(e) of the Federal Aviation Act of 1958 (FA Act), and section 304(c) of the Independent Safety Board Act of 1974 (49 U.S.C. § 1154(b)) (Safety Act), no part of a [NTSB] accident report may be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such reports.

49 C.F.R. § 835.2. Such reports are undertaken for the "purpose of taking appropriate measures for promoting safety of life and property at sea, and are not intended to fix civil or criminal responsibility." 46 C.F.R. § 4.07–1(b); *Guest v. Carnival Corp.*, 917 F.Supp.2d 1242, 1244–45 (S.D.Fla.2012).

■ (6) Under the Federal Rules of Evidence, expert witnesses may base their opinion on inadmissible evidence, "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." Fed. R.Evid. 703. However, 46 U.S.C. § 6308(a) prohibits experts from relying on reports prepared under the authority of 46 U.S.C. § 6301 because § 6308 excludes such evidence "[n]otwithstanding any other provision of law." *Ward Hornblower Proescher, Limitation Proceedings, M/V JACK LONDON COMMODORE*, No. C–1708, 1999 A.M.C. 1612, 1615 (N.D.Cal. 1999). Courts that have considered whether experts may use expert reports to introduce findings or conclusions originally stated in a Coast Guard report "universally agree that the Coast Guard's report is protected from discovery and is inadmissible as evidence." *Guest*, 917 F.Supp.2d at 1245 (collecting cases). A conclusion that "does not rely on and is not substantially

based on" a Coast Guard report would be admissible so long as it did not actually refer to such a report. *United States v. Egan Marine Corp.*, 808 F.Supp.2d 1065, 1074 (N.D.Ill.2011). However, the clear language of 46 U.S.C. § 6308(a) and 49 U.S.C. § 1154(b) mandates that expert reports based on USCG or NTSB reports, which rely on the information and conclusions contained in those reports, may not be introduced into evidence in a subsequent civil trial. *Louisiana ex rel. Dept. of Transp. & Dev. v. Kition Shipping Co., Ltd.*, 653 F.Supp.2d 633, 647–48 (M.D.La. 2009).

(7) On March 30, 2009, Rear Admiral B.M. Salerno of the USCG issued an order initiating a Marine Board of Investigation, "[p]ursuant to the authority vested in [Admiral Salerno] by 46 U.S.C. § 6301 and the regulations thereunder." (Defs. Ex. A at 1.) Some time after the Marine Board of Investigation's formation and investigation, the NTSB prepared and issued a Marine Accident Brief, adopted on May 2, 2011. (Defs. Ex. B3.) According the Brief, the NTSB "participated fully" in the Coast Guard investigation, and issued its Marine Accident Brief based upon both the Coast Guard investigation and subsequent investigation by the NTSB. (*Id.* at 1.)

 (8) As explained both in his Expert Report and at his deposition, Hazleton relied on the NTSB Marine Accident Brief to determine certain findings of fact, identified by their numbered paragraphs in his report as follows: 4, 5–12, 15–16, 21, 24, 27, and 30. (Defs. Ex. D at 22–42; Defs. Ex. B at 1–3.) In addition, Hazleton relied on the NTSB Marine Accident Brief to reach certain conclusions, specifically: 1a–1b, 3–5, 6a–6c (including 6c subparagraphs

---

**2.** The Defendants also wish to preclude mention of conclusion 7b from Hazleton's report. However, Hazleton's deposition testimony does not demonstrate that this conclusion is

---

i-iii), and 7a.[2] (Defs. Ex. D at 42–90; Defs. Ex. B at 3–4.) Because evidence gleaned from the NTSB Marine Accident Brief may not be admitted under 46 U.S.C. § 6308(a) and 49 U.S.C. § 1154(b), Hazleton may not mention, refer to, or attempt to offer into evidence or convey to the jury in any manner, facts or conclusions based upon the NTSB Marine Accident Brief, including but not limited to the findings of fact and conclusions that are described above.

Accordingly,

**IT IS** on this 6th day of November, 2013,

**ORDERED THAT:**

1. Defendant's Motion in Limine (Dkt. No. 22) is hereby **GRANTED.**

---

based on the information contained in the Marine Accident Brief. (Defs. Ex. D at 90:8–23.)